J. M. JONES LUMBER CO. *v.* HOMOCHITTO DEVELOPMENT CO. *et al.*

(Division B. May 9, 1932. Suggestion of Error Overruled June 13, 1932.)

[141 So. 589. No. 30005.]

306

Whittington & Brown, of Natchez, for appellant.

Jones & Stockett, of Woodville, for appellees.

Argued orally by **L. A. Whittington,** for appellant, and by **Ackland H. Jones,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The Homochitto Development Company, a Mississippi corporation, and Riggs Cypress Company, Limited, a Louisiana corporation, filed suit in the circuit court of Adams county against J. M. Jones, operating as J. M. Jones Lumber Company, setting up an agreement between the Homochitto Development Company and J. M. Jones by which the Homochitto Development Company sold to J. M. Jones certain timber upon certain lands situated in Mississippi, with the right to cut and remove said timber within a period of five years, and with the further right to operate a logging road or tramroad to haul logs or lumber cut from the lands involved or other lands which may be purchased by J. M. Jones in the state of Mississippi. The agreement was that the development company would pay the taxes for the year 1926 and all other taxes that should accrue thereafter, or should hereafter be fixed upon the lands or timber herein conveyed for any year prior to the year 1927. It was further stipulated as follows: "It is further stipulated and agreed

that hereafter during the life of this instrument, the vendee, his heirs, legal representatives or assigns, except as in writing may be agreed upon, shall pay all taxes hereafter accruing against the lands and timber hereinabove described during the life of this instrument, but not for more than five years from the date hereof. But, notwithstanding, it is further specifically stipulated herein and hereby that if vendee, his heirs, legal representatives or assigns, shall cut and remove all the timber herein and hereby conveyed from said lands prior to the expiration of five years, and shall surrender all rights hereunder, save and except the right to operate a railroad or tramroad over, through and across said lands for removing other timber, and release all claims against said timber, if any there be standing or remaining on said lands, then the vendee shall not be required thereafter to pay any further taxes on said lands.''

A like contract with the same stipulations was made between J. M. Jones and the Riggs Cypress Company, and both of these contracts were made exhibits to the declaration.

The declaration alleged that Jones had failed to pay the taxes for the year 1930, permitting same to become delinquent and damages to accrue by reason of such delinquency, and that the sheriff was preparing to advertise said lands for sale, when the plaintiff paid said taxes for the account of J. M. Jones. Plaintiff then demanded payment for same, which was refused, whereupon this suit was instituted in the court below demanding judgment and damages for the taxes so paid amounting to one thousand, two hundred sixty dollars and ninety cents.

The defendant J. M. Jones pleaded the general issue and gave notice of special matter thereunder as follows: ''You will take notice that under the plea of general issue herein J. M. Jones will offer proof and will prove that on and before the 15th day of December, 1930, he had cut and removed all the timber conveyed to him from the

lands mentioned in Exhibit 2 to said Declaration prior to the expiration of five (5) years in which he had to cut and remove the timber and had surrendered all rights accrued to him under and by virtue of the provisions of said Exhibit 2 to the Declaration, save and except the right to operate a railroad or tramroad over, through and across the lands in removing other timber, and had released all claims against any timber standing or remaining on said lands; that, by reason of the action of the defendant in so doing under the express provisions of the contract between the parties hereto, he was not thereafter required to pay any taxes due to be paid on said property or any part thereof.''

The plaintiff thereupon introduced a witness, one Davis, who testified to the payment of the taxes for the year 1930 amounting to one thousand, two hundred sixty dollars and ninety cents, and that this was paid February 28, 1931, and the tax receipt showing this payment was introduced in evidence, whereupon the plaintiff rested.

The defendant then moved the court to direct the jury to find a judgment for the defendant, for the reason that the evidence offered by the plaintiff shows specifically that notwithstanding the obligation to pay the taxes for five years, the contract specifically and uncontrovertibly provided and stipulated that if the defendant should cut and remove all timber which was growing on the land prior to the expiration of five years, and should surrender all rights, save the right to operate a logging road, he should not be required to pay any further taxes on the land, and for the further reason that the notice under the general issue offered to prove and would prove that on December 15, 1930, he had cut and removed all timber from the lands mentioned in the declaration and had surrendered all rights save the right above mentioned to operate a logging road; and also because the plaintiff had failed to traverse the special matter set up under the general issue; and contended that in the absence of proof

to contradict, the matter contained in the notice under the general issue constituted a complete defense to plaintiff's action.

The court overruled this motion of the defendant and sustained the motion by the plaintiff for a peremptory instruction and judgment for the amount sued for.

The taxes for the year 1930 accruing against the property involved became a lien from the date same accrued, February 1st, when assessed upon the assessment roll. The taxpayer could not be proceeded against for the taxes until after same became due and payable. If not paid before February 1st, damages accrued, and it became the duty of the sheriff to advertise the land for sale for said taxes.

Under the notice under the general issue, where the matter set up in the notice is merely denied and not sought to be defeated because of affirmative matter, or other extraneous facts not set up in said notice, the cause is at issue without formal pleading or the filing of written denials; but if the matter set up in the notice under the general issue is to be confessed and avoided for any reason, counter notice must be filed.

We are of opinion that as the matter stood on the record, it was the duty of the defendant to go forward with its proof of the facts set up in the notice under the general issue, and the sufficiency of the evidence, or its admissibility or competency to sustain the issue, could be raised by objection on the evidence, although not formally denied in writing by counter notice. Wren v. Hoffman, 41 Miss. 616; N. O., J. & G. N. R. R. Co. v. Wallace, 50 Miss. 244; McInnis Lumber Co. v. Rather, 111 Miss. 55, 71 So. 264; Winn v. Skipwith, 14 Smedes & M. 14; Kyle v. Calmes, 1 How. 121; Archer v. Helm, 70 Miss. 874, 12 So. 702; Harris v. Sims, 155 Miss. 207, 124 So. 325; Y. & M. V. R. R. Co. v. Levy, 141 Miss. 199, 106 So. 525; Code 1930, section 536; and Y. & M. V. R. R. Co. v. Humphrey, 83 Miss. 721, 36 So. 154.

Independent of the pleadings as to the special matter under the general issue plea, we construe the contract as imposing upon J. M. Jones the duty to pay all taxes that accrued against the property during the pendency of the contact within the five-year period covered therein. If he finished cutting the timber and surrendered all rights under the contract save the right to operate a tramroad, he should have paid all taxes against the land although the tax was not immediately collectible. Under the matter set forth under the plea of general issue, Jones could have finished cutting the timber on the 14th day of December, the day before the tax was payable, and after the date that it had accrued and become a lien against the property.

The notice of special matter under a plea of general issue is to be taken most strongly against the pleader.

Inasmuch as he does not deny that he was operating under the contract after the tax had accrued, the notice under the plea of general issue was insufficient to present a defense.

We are therefore of opinion that the circuit court's ruling was correct, and its judgment is affirmed.

Affirmed.