## HOMOCHITTO DEVELOPMENT CO. *v.* JONES.

(Division B.   May 14, 1934.)

[154 So. 720.   No. 31243.]

**Jones & Stockett,** of Woodville, for appellant.

L. A. Whittington, of Natchez, for appellee.

Argued orally by **A. H. Jones**, for appellant, and by **L. A. Whittington**, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action against appellee in the circuit court of Adams county to recover the sum of one thousand forty-seven dollars and seventy-three cents, the taxes on certain lands in Wilkinson county for the year 1931, which taxes appellant alleged it had paid, but which, under stipulations in deeds by it theretofore conveying the timber rights on the land to appellee, the latter was obligated to pay.

Appellee's defense was that under the stipulations in the deeds it was only liable for the taxes on the lands up to the time it surrendered its timber rights to appellant, and that such rights were surrendered in December, 1930. The stipulations in the deeds from appellant to appellee conveying the timber rights on the lands are in this language: "It is further stipulated and agreed that hereafter during the life of this instrument, the vendee, his heirs, legal representatives or assigns, except as in writing may be agreed upon, shall pay all taxes hereafter accruing against the lands and timber hereinabove described during the life of this instrument, but not for more than five years from the date hereof. But, notwithstanding, it is further specifically stipulated herein and hereby that if vendee, his heirs, legal representatives or assigns, shall cut and remove all the timber herein and hereby conveyed from said lands prior to the expiration of five years, and shall surrender all rights hereunder, save and except the right to operate a railroad or tram road over, through and across said lands for removing

other timber, and release all claims against said timber, if any there be standing or remaining on said lands, then the vendee shall not be required thereafter to pay any further taxes on said lands.'' Appellee proved that in December, 1930, it surrendered to appellant all rights under the timber deeds, except the right to operate a railroad or tram road over the lands for removing other timber.

Appellant's main, if not only, contention is that the question involved is res adjudicata. Appellant first sued appellee for the 1930 taxes on the land. The defense in that case was that, in December, 1930, appellee surrendered to appellant his timber rights, and, therefore, he was not liable for the taxes for that year. The trial resulted in a judgment against appellee. From that judgment appellee appealed to this court. Jones Lumber Co. v. Homochitto Development Co., 163 Miss. 305, 141 So. 589. The judgment appealed from was affirmed upon the ground that when appellee surrendered his timber rights in December, 1930, the taxes for that year had already accrued. Under the statute, they had accrued and become a lien on the land on the 1st day of February of that year. It was not adjudicated in that case—the question was not involved—that appellee was liable for the taxes on the land for all time to come. The thing adjudicated and not the reasons therefor is that which makes a previous decision operate as an estoppel. Although the same contentions be involved, a decision concerning the taxes for a particular year is not res adjudicata so as to preclude suit for the taxes of another year. Adams, State Revenue Agent, v. Y. & M. V. R. R. Co., 77 Miss. 194, 24 So. 200, 317, 28 So. 956, 959, 60 L. R. A. 33.

The evidence showed that appellee's timber rights had been surrendered before the taxes for 1931 accrued. Under the plain provisions of the deeds appellee was not liable for any taxes on the lands after those of 1930. The fact that the evidence in both cases is largely the same

is not conclusive that the judgment in the first suit bars the second. The taxes for the year 1931 were not sued for in the first action and could not have been.

Affirmed.