Mrs. Delores Garraway *v.* Retail Credit Company, et al.
Dwight Garraway *v.* Retail Credit Company, et al.

Nos. 42337-42342 May 28, 1962 141 So. 2d 727

378

*Satterfield, Shell, Williams & Buford, Jerome B. Steen,* Jackson, *William F. Riley, E. H. Fitzpatrick, Jr.,* Natchez, for appellants.

*Robert W. Biccum, Brandon, Brandon, Hornsby & Handy,* Natchez; *Watkins, Pyle, Edwards & Ludlam,* Jackson, for appellees.

Ethridge, J.

The principal issue is whether a judgment in a prior discovery suit in equity, holding mercantile credit reports were qualifiedly privileged and denying production of them because complainant failed to show malice and bad faith, collaterally estopped her in a later libel action from litigating against the same defendant ques-

tions of malice and bad faith in issuance of the reports. We hold it did not.

These six suits for libel were consolidated for argument in this Court. There are two groups of three suits each. The first (called Group 1) are consolidated causes Nos. 42,337, 42,340 and 42,342. They involve three separate actions brought by Mrs. Delores Garraway against the Retail Credit Company and others in the Circuit Court of Adams County, for allegedly libelous publication of three mercantile credit reports. By agreement of the parties, these three actions were consolidated in a single appeal. They involve the same issues.

The second group of cases (called Group 2) are consolidated causes Nos. 42,338, 42,339, and 42,341. They were three separate suits brought by Dwight Garraway, the husband of Mrs. Delores Garraway, against Retail Credit Company and others, in the Circuit Court of Adams County, based upon three allegedly libelous publications of mercantile credit reports with reference to Dwight Garraway. These three causes involve the same issues. In all six actions the circuit court sustained pleas by defendants of res judicata and collateral estoppel and their motions to dismiss. These appeals are from orders of the trial court so adjudicating. The allegations, pleas, proceedings and orders in each group of cases, called Group 1 and Group 2, are similar, so, in discussing them, references to these cases will be to one case of each group.

In October 1959, Mrs. Delores Garraway, appellant in Group 1, filed a bill of complaint in the Chancery Court, First Judicial District of Hinds County, Mississippi, against Retail Credit Company (called Retail Credit) seeking the discovery of certain mercantile credit reports made by Retail Credit to three of the latter's customers, which were insurance companies. The bill charged that these reports were falsely and maliciously made, were libelous per se, and prayed solely for their

discovery and production. Defendant admitted making the reports to these companies, which were its customers, for a compensation, but denied they were false or malicious. It pleaded affirmatively that they were qualifiedly privileged. At the hearing, complainant offered only token evidence on the issue of malice. The chancery court overruled the defendant's plea, and directed Retail Credit to produce the reports.

An appeal was taken with supersedeas to this Court. The facts of that case and the decision of this Court are fully set forth in Retail Credit Company v. Garraway, 240 Miss. 230, 126 So. 2d 271 (1961). It held: The decree was final, and settled the issues in that case. They were complainants' right of discovery, and the validity of Retail Credit's plea of qualified privilege. Mercantile credit reports, including the ones involved, are qualifiedly privileged. In a pure bill of discovery in equity, "the defendant may plead and put in issue the question of qualified privilege." The burden of proof was on complainant to show that the reports "were made from an improper, malicious motive, and not for a reason which would otherwise render them privileged." It was then said: "A careful review of the testimony renders it manifest that complainant wholly failed to show these statements were maliciously made. On the contrary, the evidence reflects they were made in good faith . . ." Complainant did not meet her burden of proof, of showing malice and bad faith. Hence the decree was reversed, and judgment was rendered for Retail Credit, "dismissing the bill with prejudice."

While the discovery suit was pending on appeal, but after the chancery decree, Mrs. Garraway filed the three separate libel suits in the Circuit Court of Adams County, against Retail Credit and four other defendants. She alleged that the Credit Bureau, Inc., of Georgia (Credit Bureau) is a subsidiary of Retail Credit, and the defendants, Clarence Bowers, Johnny Weeks, and Jack

H. Beattie, were agents and employees of the defendant corporations. In 1951 and 1952, plaintiff was an employee of the defendant corporations in Adams County, Mississippi, and thereafter opened her own collection service business, and later a credit reporting business. Plaintiff has always been of good moral character and reputation in the community, but in 1959 defendants conspired together to injure, discredit, and destroy her character and reputation, and, in carrying out such conspiracy, circulated without any proper investigation, maliciously and not in good faith, to an automobile insurance company and other persons unknown, reports to the effect that she and her husband were heavy social drinkers; that about five or six times a year she drank intoxicants to the point of being unable to control her faculties; and that she was criticized by others for slow payment of debts. Alleging these reports were made maliciously, without adequate investigation, and not in good faith, plaintiff sought actual and punitive damages. The other two suits in Group 1 had substantially similar allegations, except they pertained to mercantile credit reports made to two other automobile insurance companies.

To this declaration all of the defendants pleaded that the judgment of this Court in Garraway v. Retail Credit Company constituted res judicata and collateral estoppel on the issues of malice and bad faith as related to the qualified privilege. The circuit court sustained these pleas.

██ █ *First.* Collateral estoppel is a doctrine which operates, following a final judgment, to establish conclusively a matter of fact or law for the purposes of a later lawsuit on a different cause of action between the parties to the original action. Because of its application to a different cause of action from that involved in the first suit, the doctrine is broader than the "merger" and "bar" aspects of res judicata. Nevertheless, the restriction of collateral estoppel to issues actually

litigated and necessarily determined in the first action circumscribes operation of the doctrine more closely than "merger" or "bar", which may affect matters which could have been litigated. Restatement, Judgments, Sec. 45; Polasky, Collateral Estoppel — Effects of Prior Litigation, 39 Iowa L. Rev. 217 (1954). ██ █ In short, where a question of fact essential to a judgment is actually litigated and determined by a valid and final judgment, that determination is conclusive between the parties in a subsequent suit on a different cause of action. Anno., 138 A. L. R. 346-352 (1939); Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 87 So. 2d 289 (1956); Etheridge v. Webb, 210 Miss. 729, 50 So. 2d 603 (1951); Townsend v. Beavers, 185 Miss. 312, 188 So. 1, 189 So. 90 (1939); Cotton v. Walker, 164 Miss. 208, 144 So. 45 (1932).

The question is whether this is a proper case for application of the doctrine of collateral estoppel. We do not think it is. The prior suit in chancery was a pure bill of discovery. The only relief sought was production of the mercantile credit reports. Although the bill of complaint alleged that the reports were made maliciously and not in good faith, a prerequisite to discovery in chancery is that complainant must aver that she has a meritorious case for the enforcement of a civil or property right, and the discovery is of material and relevant matters which are exclusively within the custody of the defendant, and not within the reasonable reach of complainant. Griffith, Miss. Chancery Practice (2d ed. 1950), Sec. 429. In the prior suit Mrs. Garraway did not seek a trial on the merits of the tort, and did not ask for damages for the alleged libel. She simply sought production of the reports. Although the chancery court held complainant was entitled to production, this Court, reversing, concluded the reports were qualifiedly privileged, and in the discovery proceeding complainant failed

to show that the privilege had been exceeded, by adequate evidence on bad faith and malice.

 This case, as between plaintiff and Retail Credit, is in the twilight zone, the peripheral area of application of collateral estoppel. Important policies underlie the doctrines of res judicata and collateral estoppel, namely, that the interest of the state requires that there be an end to litigation, and the concern of the public in the settlement of litigation in the interest of a stable society. ██ However, conflicting persuasive reasons can be found for not applying the doctrine in borderline situations of this type. The principal ones are that each person shall be accorded his full day in court, and the difficulty of a litigant foreseeing the possible significance in future cases of matters being currently litigated.

The nature, form and purpose of the prior action requires narrowing of application of the doctrine in this instance. Any salutary effects attributable to conclusiveness are outweighed here by factors opposing preclusion. Application of collateral estoppel to a prior action seeking purely discovery in equity would in the future have the coercive effect of forcing litigants to full-scaled effort over minor disputes, that is, in this instance, the discovery and production of documents, and would act to increase rather than contract the extent of litigation. See Polasky, 39 Iowa L. Rev. 217; Scott, Collateral Estoppel by Judgment, 56 Harv. L. Rev. 1, (1942); Note, Collateral Estoppel by Judgment, 52 Col. L. Rev. 647 (1952); Developments in the Law— Res Judicata, 65 Harv. L. Rev. 818 (1952); Comment, Privity and Mutuality in the Doctrine of Res Judicata, 35 Yale L. J. 607 (1926); 2 Freeman, Judgments (5th ed. 1925), Sec. 624, et seq.; Symposium on Res Judicata, 39 Iowa L. Rev. 213-349 (1954).

 ██ The judgment in the discovery action did not involve a decision on the merits of plaintiff's cause of action for libel. A pure bill of discovery in chancery,

for production of the reports, was a remedy ancillary and supplementary to plaintiff's right to sue for damages for libel. This case is a rather singular one. The only related decision which we have found is O'Donnell v. Morris Run Coal Mining Co., 319 Pa. 293, 179 A. 454 (1935). Plaintiff sued in trespass to recover damages for the alleged unlawful mining of coal. After beginning that action, plaintiff, as ancillary to it, filed a bill of discovery to ascertain the amount of coal which defendant had removed. In the discovery proceedings that court considered the question of title to the coal, and was of the opinion it was vested in plaintiff. In the trespass action plaintiff then argued that this determination was res judicata. The court did not agree. It said that the discovery action was "but an incident" to the trespass action. The fundamental question of title was not an issue in that merely ancillary proceeding. The legitimate function of discovery is to furnish evidence. ██ █ If a bill exhibit a proper case for discovery, a defendant cannot require proof of the main fact in controversy between the parties as an essential preliminary to the discovery. The *O'Donnell* case is analogous to the instant one.

██ █ By the doctrine of collateral estoppel, parties are precluded from relitigating issues that have been litigated and decided of necessity in a prior action. The prior action here, the pure bill of discovery suit, litigated only Mrs. Garraway's right to production of the credit reports. It held that the reports were qualifiedly privileged, and she failed to offer sufficient evidence to warrant their production. It did not hold that she failed to offer sufficient evidence to support a recovery of damages for libel. That issue has not been decided, and may be decided in the instant cases. Hence the circuit court erred in sustaining Retail Credit's plea in bar to Mrs. Garraway's suit against it.

■■■ *Second.* It therefore follows that the trial court erred also in sustaining the pleas in bar of the other three defendants in Mrs. Garraway's three suits against them. They are alleged to be a subsidiary corporation of Retail Credit, and three employees of the two corporations. Since Retail Credit is not protected by collateral estoppel, *a fortiori* these other defendants in Group 1 cannot raise that doctrine successfully. Hence we do not reach any issue presented by the line of cases modifying and restricting the traditional requirements of mutuality and privity. See Currie, Mutuality of Collateral Estoppel: Limits of the Bernhard Doctrine, 9 Stan. L. Rev. 281 (1957); Note, Res Judicata with Reference to Persons Neither Parties nor Privies, 57 Harv. L. Rev. 98 (1943); Polasky, 39 Iowa L. Rev. at 241-251.

■■■ *Third.* In the three cases in Group 2, Dwight Garraway brought three separate actions against Retail Credit and the four other defendants alleging libelous publication of mercantile credit reports concerning him. Even if collateral estoppel applied to Mrs. Garraway, and we have held it does not, there is no privity between these parties and her. Dwight Garraway's rights, if any, were personal to him and independent of those of his wife. The two claims represent separate causes of action. Palmer v. Clarksdale Hospital, 213 Miss. 611, 57 So. 2d 476 (1952).

■■■ *Fourth.* There was no error in the trial court's overruling of plaintiff's motion for inspection and production of the mercantile credit reports. The motion was based upon Miss. Code 1942, Rec., Sec. 1659, which authorizes a trial court, ''on good cause shown'', to direct an inspection, ''provided, however, this act shall neither be applicable to the work product of counsel for any party *nor to matters of privilege* . . .'' (Emphasis added). Mercantile credit reports are qualifiedly privileged. Retail Credit Company v. Garraway, *supra.*

██ ██ If literally construed the quoted limitation of Sec. 1659 would seem to negative its application under any circumstances to privileged matter. However, the legislative intent is clear, we think, that Sec. 1659 does not apply to documents and other material which are qualifiedly privileged, *unless,* in the hearing on the motion to produce, movant's evidence shows that the person in possession of the qualifiedly privileged matter has probably exceeded, on a prima facie basis, the privilege by publishing it with malice and bad faith. On the motion to produce, this is an issue for the trial court in its sound discretion. Louisiana Oil Corp. v. Renno, 173 Miss. 609, 157 So. 705 (1934). ██ ██ It was not error to overrule appellants' motions to produce in all of the cases, because movants offered no evidence on the motion to comply with their burden of proof to show that Retail Credit had probably exceeded the privilege by publishing the reports with malice and bad faith.

██ ██ Before movant is entitled to production of qualifiedly privileged documents, he must present facts, on the hearing on the motion, which establish a prima facie case in his favor with reference to (1) the materiality and relevancy of the information in question, (2) disclosure is necessary or essential to the proper development of the cause of action, (3) the information is not otherwise available, and (4) the respondent to the motion has exceeded the qualified privilege by malice and bad faith. See 17 Am. Jur., Discovery and Inspection, Sec. 16-20; Ibid., Sec. 16; 27 C. J. S., Discovery, Sec. 5, 72; Anno., Libel and Slander: Report of Mercantile Agency as Privileged, 30 A. L. R. 2d 776 (1953); Anno., Statements of Parties or Witnesses as Subject of Pre-Trial or other Disclosure, Production or Inspection, 73 A. L. R. 2d 12, 84, 133 (1960); Anno., Construction and Effect of Federal Rules and Similar State Statutes and Rules, Relating to Preventing, Limiting, or Terminating the Taking of Depositions, 70 A. L. R.

2d 685 (1960) ; Newell, Slander and Libel (4th ed 1924), Secs. 345, 346.

In summary, the judgments of the circuit court, in all of these cases, sustaining the defendants' pleas in bar and motions to dismiss are reversed, and the causes are remanded for further proceedings consistent with this opinion. Cf., Louisiana Oil Corporation v. Renno, 173 Miss. 609, 157 So. 705 (1934).

Reversed and remanded.

All Justices concur, except Gillespie, J., who took no part.