## Johnson *v.* Bagby

No. 43280          February 1, 1965          171 So. 2d 327

*Gerald Braddock, Prewitt & Bullard,* Vicksburg, for appellant.

*Vollor & Thames,* Vicksburg, for appellee.

Brady, Tom P., J.

This is an appeal from a judgment rendered in the Circuit Court of Warren County forever dismissing with prejudice the cause of action of the appellant. The judgment was rendered upon the sustaining of pleas in bar of collateral estoppel and res judicata filed by the appellee and the overruling of motions to strike the pleas in bar or parts thereof by the appellant. The pleas in bar were predicated upon a judgment, for property damages to his automobile, obtained by the father of the appellee in a former suit against the appellant in the County Court of Warren County.

The record discloses the following pertinent facts: On December 22, 1961 a car operated by the appellee collided almost head on with a car operated by the appellant. The car appellee was driving belonged to his father, James E. Bagby, Sr., hereinafter designated Bagby, Sr. This accident occurred on Highway 61 south of Vicksburg, Mississippi. The appellee, then fifteen years

of age, had obtained a driver's license by having his parents sign his application therefor in compliance with the statutory requirements of the Mississippi Code Annotated section 8096 (1956). The appellant sustained lacerations and cuts on her forehead and her scalp, requiring up to a hundred stitches, and also contusions and bruises to her body. The automobiles of the appellant and appellee's father were considerably damaged by the collision.

On February 16, 1962 James E. Bagby, Sr., the owner of the automobile which was driven by his son, filed a declaration in the County Court of Warren County against the appellant, alleging that it was her negligence that proximately caused the collision and the damage to his automobile.

On March 30, 1962 Mrs. Johnson, defendant below, appellant here, answered, denying liability and alleging that the collision was caused by the negligence of James E. Bagby, Jr., hereinafter designated appellee or Bagby, Jr. The case was tried on the issue of whether the appellant's negligence proximately caused the collision, and the trial court held as a matter of law that appellant's negligence proximately caused the collision. Bagby, Sr. was granted a peremptory instruction, requiring the jury to determine the amount of damages due the plaintiff, Bagby, Sr., from the appellant. Bagby, Sr. had sued for $3,000 actual and punitive damages. The proof of actual damages amounting to $685 offered by Bagby, Sr. was undisputed by the appellant, and a verdict of $250 was rendered by the jury in the county court against the appellant. The record of the county court clearly shows that the plaintiff, Bagby, Sr., was not entitled to a peremptory instruction because the proof clearly raised serious issues of fact as to whether the appellant's negligence or the negligence of Bagby, Sr's. son, the appellee in the case at bar, was the sole and proximate cause of the collision.

On December 18, 1962 a judgment for $250 in favor of plaintiff, Bagby, Sr., was entered against the appellant, from which no appeal was prosecuted, and is now final.

On March 19, 1963, almost three months subsequent to the judgment against the appellant in the county court, the appellant filed her declaration in the Circuit Court of Warren County charging the appellee, Bagby, Jr., with the negligent operation of his father's automobile, which proximately caused the appellant's personal injuries and property damage.

After obtaining additional time within which to plead, and in order to get the record in the county court case, the appellee, James E. Bagby, Jr., on June 10, 1963, filed his answer denying the accusation and alleging that the collision was caused by appellant's negligence. Appellee not only answered denying liability but alleged further (1) that his father, James E. Bagby, was liable for any of his negligence under said section 8096 because his father had signed the appellee's driver's license application; and (2) that the issue of whether he or the appellant had caused the collision had been fully litigated in a former action by Bagby, Sr. in the County Court of Warren County, and there this question had finally and forever been determined against the appellant. The appellee introduced as Exhibit ''B'', and as part of his answer, the record of the county court case. He pled estoppel, collateral estoppel, and res judicata.

On the same date that the appellee, his son, filed an answer to the appellant's declaration, Bagby, Sr., without obtaining the court's permission to do so, also filed an answer by virtue of his having been served with a process for his minor son and because, under section 8096, *supra,* he alleges that he is liable for any negligence of which his son might be found guilty, and therefore was entitled to answer as a defendant. The answer of Bagby, Sr. set up the same facts and defenses as the

answer of his son, the appellee. The matter was not disposed of on its merits but was dismissed on pleas in bar filed by the appellee in his answer. The circuit court overruled a motion to strike, filed by the appellant, which challenged the legal sufficiency of the appellee's pleas of collateral estoppel and res judicata, and the motion of the appellant to eliminate any reference to the county court case and to strike completely the answer of Bagby, Sr.

The circuit court, having sustained the pleas in bar of collateral estoppel and res judicata of appellee, thereby impliedly overruled appellant's motions to strike. A final judgment was entered in favor of the appellee and the cause was dismissed with prejudice.

Three errors are assigned by the appellant:

I.    The Lower Court improperly sustained the plea or pleas in bar of res judicata and/or collateral estoppel set up in Appellee's Answer.

II.   The Lower Court erred in overruling Appellant's Motion to strike portions of Appellee's Answer for reason of immateriality.

III.  The Lower Court erred in overruling Appellant's Motion to strike in its entirety the Answer filed by James E. Bagby, Sr.''

The three errors which appellant assigns to have been committed by the circuit court can be considered together since they are all interrelated. Moreover, if the motions to strike portions of the appellee's answer and all of the answer of Bagby, Sr. should have been sustained, it follows that appellee's pleas of res judicata and collateral estoppel should not have been sustained, and vice versa.

The decision of this case turns upon two simple questions: First, was the lower court correct in sustaining appellee's plea of collateral estoppel, and second, was the plea of res judicata likewise properly sustained.

This Court, as is true in other jurisdictions, has relaxed somewhat the application of the doctrine of res judicata by enabling litigants to use the doctrine of collateral estoppel, but there are still certain basic requirements which this Court has held must be present and operating before the doctrine of collateral estoppel can be applied as a bar to a subsequent action based upon a judgment in a former case.

This Court, speaking through Justice Ethridge, pointed out in Garraway v. Retail Credit Co., 244 Miss. 376, 141 So. 2d 727 (1962), that "collateral estoppel is a doctrine which operates, following a final judgment, to establish conclusively a matter of fact or law for the purposes of a later lawsuit on a different cause of action between the parties to the original action." Here is presented the first basic requirement essential for the operation of collateral estoppel, which is that the parties to the original action must be the same parties to the subsequent action. In collateral estoppel we have relaxed the rule under res judicata and we have permitted a different cause of action to be litigated between the parties, but up to this time we still hold that it is necessary that the parties to the subsequent action must be the same as those in the prior action. Appellee urges forcefully in his brief that this rule is subject to limitations and, in support thereof, urges that certain exceptions should relax the requirement that the parties be the same in the subsequent action as they were in the first action. Under his first proposition appellee contends that these exceptions relate to the relationship of indemnitor-indemnitee and urges for the most part in his erudite and fluent brief that, because of derivative liability on the part of Bagby, Sr., collateral estoppel should be permitted to operate as a bar without the necessity of having identical parties in both suits. The appellee also contends, under his second proposition, that even though the appellee was not a party to the

prior suit, he should nevertheless be permitted to rely upon collateral estoppel for the reason that the same issue which is now sought to be relitigated in the case at bar had formerly been adjudicated against the appellant.

■■■ We consider now the first exception urged by appellee, namely, that since Bagby, Sr. was the indemnitor of the appellee, collateral estoppel should operate in behalf of the appellee. Appellee's major premise is fallacious because there is a complete absence of an indemnitor-indemnitee relationship between Bagby, Sr. and his son, the appellee. The indemnitor-indemnitee relationship which exists in the case at bar is one between Bagby, Sr. and the motoring public in general who may become involved in an accident because of the appellee's negligence. Specifically, the potential relationship is between Bagby, Sr. and the appellant. For this obvious reason, the authority cited by appellee is not applicable. Under this exception the indemnity relationship must exist between two persons potentially jointly liable to the plaintiff, not where one person is required to indemnify the plaintiff for a judgment against a third person.

■■■ Appellee presents an excellent analysis of derivative liability and urges strenuously that because of the application signed by Bagby, Sr. under and pursuant to Mississippi Code Annotated section 8096 (1956), Bagby, Sr. is derivatively liable for any negligence established against his son in the operation of the automobile, and because of this derivative liability it is not necessary to show that the parties were the same in the prior county court suit and in the case at bar. This exception, the appellee urges, is sufficient to relieve the appellee of showing, under our established rules relating to derivative liability, the identity of the parties. We do not have to pass upon this question or appellee's second proposition for the reason that, as we likewise

pointed out in the Garraway case, before collateral estoppel can operate, one vital prerequisite must be present, which is wanting here. In the Garraway case we said: ''In short, where a question of fact essential to a judgment is actually litigated and determined by a valid and final judgment, that determination is conclusive between the parties in a subsequent suit on a different cause of action.'' Thus, we are faced with this ultimate question: Was a fact essential to a judgment actually litigated which will preclude the appellant from maintaining the suit at bar? We hold that this essential fact was never litigated in the county court. Mississippi Code Annotated section 1454 (1956) permits a plaintiff to recover for damages sustained even though the plaintiff is guilty of contributory negligence. In the county court case in which appellant was the defendant, she did not plead contributory negligence on the part of the appellee.

Whether Mrs. Johnson could have raised the issue of Bagby, Jr's. contributory negligence in order to mitigate the damages sought against her by Bagby, Sr. is irrelevant. Collateral estoppel applies only to questions actually litigated in a prior suit, not to questions which might have been litigated. Cromwell v. County of Sac, 94 U.S. 351 (1876); Buromin Co. v. National Aluminate Corp., 70 F. Supp. 214 (D. Bel. 1947); Restatement, Judgments section 68, comment *d* (1942).

The only issue passed upon by the county court was whether or not appellant's negligence was a proximate cause of the damages done to Bagby, Sr's. automobile. The county court, by peremptory instruction, directed the jury to find for Bagby, Sr. The negligence of the appellee was not before the county court for determination, and properly so, because if the appellant were guilty of contributory negligence, Bagby, Sr. was entitled to recover against her if her negligence was the proximate cause of the collision. The proof of negligence

on the appellee's part was not essential to Bagby, Sr's. judgment in the county court case, and the negligence of the appellant, be it contributory or proximate, is not a bar to prohibit her from recovering for any negligence, as yet undetermined, on the part of the appellee. Therefore, we hold that the contention of the appellee here is without merit insofar as the lower court actually litigating an essential fact to the judgment obtained by Bagby, Sr. in the county court is concerned. Since the negligence of the appellee was not an essential fact to the judgment of Bagby, Sr. and has not been actually litigated and determined by Bagby's judgment in the county court, it cannot now be utilized upon the basis of collateral estoppel by the appellee herein. C.I.T. Corp. v. Turner, 248 Miss. 517 (1963); Garraway v. Retail Credit Co., 244 Miss. 376, 141 So. 2d 727 (1962); Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 87 So. 2d 289 (1956). *Accord,* Town of Wayland v. Lee, 325 Mass. 637, 91 N.E. 2d 835 (1950); In re O'Brien's Estate, 11 N.Y.S. 2d 174, 170 Misc. 792 (1939), *aff'd* 17 N.Y.S. 2d 1020, 258 App. Div. 1044 (1940), *appeal granted,* 18 N.Y.S. 2d 1004, 259 App. Div. 705, *aff'd* 284 N.Y. 604, 29 N.E. 2d 928 (1940); Restatement, Judgments section 68, comment *o* (1942).

As yet, litigants have the right not only to choose their forum but frequently the right to choose their adversaries. Bagby, Sr. elected to go into county court. Having chosen the county court and the litigant, he is bound by the decisions and the issues determined by the tribunal in which he chose to have his rights litigated. He cannot now prevent the litigation of other issues available to the appellant which actually have never been determined.

It is unnecessary for us to devote much attention to the issue of res judicata for the simple reason that the four identities, which for over two score years we have consistently held to be essential for the operation

of the doctrine of res judicata, are wholly lacking. Golden v. Golden, 246 Miss. 562, 151 So. 2d 598 (1963); Pate v. Evans, 232 Miss. 6, 97 So. 2d 737 (1957); Homochitto Development Co. v. Jones, 170 Miss. 125, 154 So. 720 (1934); Jones v. George, 126 Miss. 576, 89 So. 231 (1921).

In conclusion, the judgment of the county court against the appellant, which has not been appealed, is final and binding upon her insofar as Bagby, Sr's. judgment for damages to his car is concerned.

There is also an additional and final reason why the pleas of collateral estoppel and res judicata cannot be utilized by the appellee here. It was wisely stated in Garraway v. Retail Credit Company that "conflicting persuasive reasons can be found for not applying the doctrine in borderline situations of this type. The principal ones are that each person shall be accorded his full day in court, and the difficulty of a litigant foreseeing the possible significance in future cases of matters being currently litigated.

"The nature, form and purpose of the prior action requires narrowing of application of the doctrine in this instance. Any salutary effects attributable to conclusiveness are outweighed here by factors opposing preclusion." 244 Miss. at 386.

Appellee repeatedly urges that the appellant has had her day in court for the reason that she cross-examined all witnesses against her, introduced photographs and other evidence; she exercised every right and privilege to protect her interest, and no one could have had her day in court more thoroughly than did the appellant. We cannot agree with this contention which appellee persuasively and forcefully urges. The fact nevertheless remains that the appellant has not had her day in court. Under the application of collateral estoppel as the appellee would have us construe it, we would have to hold that the appellant should have done in the county court what future litigants will have to do, and that is

conduct a "full-scaled effort" even over minor disputes. This contention on the part of the appellee would deprive the appellant of her full day in court since, irrespective of logistics or semantics, the negligence, if any, of the appellee has never been adjudicated, in spite of the assertions that appellee was found free from negligence. Appellant has not had the full opportunity to litigate her cause of action against the appellee. We refuse to deny this appellant the right to be heard and have her full opportunity to litigate.

The basic enduring consideration which seems to permeate the decisions, just as the motif in a symphony, though varied, is reproduced again and again throughout the course of the movement, is the right of full opportunity to litigate, to have one's full day in court, and this the appellant has been denied.

It is apparent, therefore, from the foregoing, that the motion to strike the answer of Bagby, Sr. should have been sustained and the motion to strike that portion of the appellee's answer which alleges collateral estoppel because of the judgment obtained in the county court should likewise have been sustained.

Therefore, it follows that the pleas of collateral estoppel were improperly sustained by the circuit court, and the judgment of the circuit court is hereby reversed and remanded.

Reversed and remanded.

*Lee, C. J., and Ethridge, Patterson and Inzer, JJ.,* concur.