GILLESPIE, Presiding Justice:
The defendant-appellant was indicted for the armed robbery of H. L. Markham. A jury of the Circuit Court of Leflore County returned a verdict of guilty, and defendant was sentenced to serve twenty-five years in the State Penitentiary.
The evidence for the state was sufficient to justify the jury in finding the following facts. • On February 12, 1969, at about 8:00 P.M., Alphonso Pankey, an employee of Malouf Music Company, was on the job in a rear room of the music company in *413 Greenwood when the defendant entered with a shotgun which he pointed at Pan-key’s face. Pankey followed defendant’s order to go to the front where three other employees of Malouf, one of whom was Markham, were lying on the floor. Three other armed people were in the store. About eight or nine thousand dollars of the music company’s money (in wrappers or bags with Malouf Music Company’s name and address thereon) were on the counter when the robbers came in. At the command of one of the robbers, one of Mal-ouf’s employees got up off the floor and sacked up the music company’s money. He was then ordered back on the floor and tied up by one of the robbers. One of the robbers then took $2,230 from Markham’s pocket. The robbers then fled with the money. Pankey saw defendant, who was not wearing a mask, and identified him as the man who accosted him with the shotgun.
On February 3, 1969, someone called Markham’s attention to a dark blue 1968 Buick Skylark parked in the rear of the Malouf Music Company. Markham took the tag number and noted that the car had “GS California” on the left rear fender. This information was reported to the police, and it was determined that the tag on the 1968 Buick Skylark had been issued for a Chevrolet. Shortly after the robbery, Markham talked to a highway patrolman and told him to be on the lookout for the particular 1968 Buick Skylark he had previously seen at the Malouf Music Company. The highway patrol officers soon thereafter saw the 1968 Buick Skylark, apparently heavily loaded (the bulk of the money was in coins) and stopped it, arresting the four occupants, one of whom was the defendant. Several large rolls of money were taken from those arrested. Two large rolls of money were taken from defendant’s pockets. In the car the officers found a .32 caliber pistol, a .30 caliber carbine, and a sawed off shotgun, all loaded. They also found suitcases, ski masks (some of the robbers were wearing ski masks), and money wrappers with “Malouf Music Company” thereon.
Prior to trial defendant’s counsel filed a plea of former jeopardy in which he stated that defendant had been acquitted of the same offense and under the same facts and circumstances under which he was then charged and that the record of the trial resulting in the former acquittal was in the same court. He averred that if defendant was tried under the indictment in the present case it would twice place him in jeopardy for the same offense in violation of the Constitution of the State of Mississippi and the Fifth Amendment of the United States Constitution. In his brief defendant states that he was indicted on March 5, 1969, for the armed robbery of the Malouf Music Company and that he was tried and acquitted. It is argued that in the first trial the single issue was whether defendant was one of the robbers, and the jury in that trial found him not guilty, thereby finding that defendant was not one of the robbers. He further states that since Markham was robbed during the robbery of Malouf Music Company, the second prosecution is impermissible under Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Prior to Ashe the Supreme Court of the United States had viewed the collateral estoppel aspect of double jeopardy in state cases in terms of the Fourteenth Amendment due process and reversed only when the circumstances showed “fundamental unfairness.” Hoag v. New Jersey, 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913 (1958). In Ashe that Court held that the doctrine of collateral estoppel is embodied in the Fifth Amendment’s guarantee against double jeopardy and is enforceable against the states, not in broad terms of “fundamental fairness” but as a matter of constitutional fact which must be determined “through an examination of the entire record.”
 Collateral estoppel is one aspect of res judicata. Developed in civil litigation, and firmly established in the jurisprudence of this state as applied to civil cases, *414 this doctrine means that where a question of fact essential to a judgment is actually litigated and determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Garraway v. Retail Credit Co., 244 Miss. 376, 141 So.2d 727 (1962). In applying this doctrine in Ashe the court stated that where a previous judgment of acquittal was based on a general verdict, this requires a court to “examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.”
The plea of former jeopardy was based on a former proceeding where it is said that defendant was acquitted of the armed robbery of the Malouf Music Company. However, the plea of former jeopardy was not supported by proof, and no part of the former proceeding was introduced in the present record, although the court had made that record available to the defendant’s counsel. We are therefore unable to determine what took place in the former case. We cannot determine “through an examination of the entire record” of the former proceeding whether the jury could have grounded its verdict upon an issue other than that which the defendant now seeks to foreclose from consideration, that is, whether he was one of the robbers of the Malouf Music Company. Defendant’s argument is grounded on matters outside the record and may not be considered on appeal.
Defendant’s next assignment of error is that his oral confession was not admissible. Various grounds are assigned, but the argument on this issue is limited to a statement of his position. We have carefully considered the facts relating to the confession, and we are of the opinion the trial court correctly admitted the oral confession. The proof shows that defendant was adequately advised of his rights and voluntarily made the oral confession.
It is next argued that there is no evidence of guilt and that the verdict is against the weight of the evidence. We find no merit in this contention. Witness Pankey positively identified defendant as one of the several robbers. Defendant was arrested after the robbery in an automobile that contained identifiable objects taken in the robbery. Moreover, he confessed that he was one of the robbers. There was ample evidence to justify the jury in finding that defendant was guilty.
A careful review of the argument and the entire record reveals no reversible error.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.