**A & F PROPERTIES, LLC Plaintiff**

v.

**MADISON COUNTY BOARD OF SUPERVISORS Defendant**

**LAKE CAROLINE, INC. Intervenor**

**No. CIV.A. 3:04–CV–638WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 27, 2005.

G. Todd Burwell, Latham & Burwell, PLLC, Ridgeland, MS, James E. Lambert, James E. Lambert, Attorney, Jackson, MS, William L. Latham, Latham & Burwell, PLLC, Ridgeland, MS, for A & F Properties, LLC, Plaintiff.

Edmund L. Brunini, Jr., Brunini, Grantham, Grower & Hewes, Jackson, MS, for Madison County Board of Supervisors, Defendant.

Thomas A. Cook, Copeland, Cook, Taylor & Bush, Donald James Blackwood, Jr., Copeland, Cook, Taylor & Bush, L. Michele McCain, Copeland, Cook, Taylor & Bush, Ridgeland, MS, for Lake Caroline, Inc., Intervenor Defendant.

## ORDER OF DISMISSAL

WINGATE, Chief Judge.

Before the court are the following motions: (1) defendant Madison County Board of Supervisors' motion asking this court to dismiss [**docket # 5–1**] this lawsuit pursuant to Rules 12(b)(1) and (7), Federal Rules of Civil Procedure;[1] and (2) defendant Madison County Board of Supervisors' motion, in the alternative, asking this court to abstain pending a certain state court ruling [**docket # 5–2**]. This case involves a zoning dispute between plaintiff A & F Properties, L.L.C., and defendant Madison County Board of Supervisors. Plaintiff invokes this court's subject matter jurisdiction under Title 28 U.S.C. § 1331.[2] Plaintiff asserts in its complaint: (1) that this court should issue a declaratory judgment finding that the defendant Madison County Board of Supervisors violated plaintiff's right to due process pursuant to the Fourteenth Amendment to the United States Constitution,[3] and pursuant to Section 17–1–17, Mississippi Code[4]; and (2) that plaintiff is

---

1. Rule 12(b)(1) and (7), Federal Rules of Civil Procedure provide:

 (b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter ... (7) failure to join a party under Rule 19.

2. Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3. U.S. Const. amend. XIV, § 1, provides:

 All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; **nor shall any State deprive any person of life, liberty, or property, without due process of law**; nor deny to any person within its jurisdiction the equal protection of the laws. (emphasis added).

4. Miss.Code. Ann. § 17–1–17 (1972), provides:

 Zoning regulations, restrictions and boundaries may, from time to time, be amended, supplemented, changed, modified or re-

entitled to attorney's fees under Sections 1983 [5] and 1988,[6] United States Code.

In its motion to dismiss, defendant contends that the principles of *res judicata* and collateral estoppel apply here because an identical lawsuit between these parties has already been adjudicated in state court adversely to plaintiff. For the reasons that follow, this court grants defendant's motion to dismiss. All other pending motions are, hereby, rendered moot.

## I. Pertinent Facts and Procedural Posture

On July 14, 1989, Lake Caroline, Inc., ("LCI") filed a petition for rezoning with the Madison County Board of Supervisors. The petition requested rezoning of certain property from classification A–1, or Agricultural, to P–1, or Planned Unit Development, ("PUD"). On August 7, 1989, after notice and public hearing, the Madison County Board of Supervisors rezoned the property from A–1 to P–1. At that time,

the Madison County Board of Supervisors approved a Master Development Plan for the PUD called Caroline. The 1989 Master Development Plan ("1989 plan") allegedly showed approximately 3,000 residential lots over a vast majority of the PUD and community amenities such as walking trails, an equestrian center, a community clubhouse, polo, softball fields, soccer fields, and recreational lakes. Supposedly, the 1989 plan did not reflect plans for a golf course; rather, the plan showed residential lots on the property now owned by A & F Properties, L.L.C. ("A & F").

The 1989 plan cannot be found in the Madison County records. A & F submits its copy of the 1989 plan is correct and claims to have used that copy to obtain approval of water supply for the PUD from the Mississippi State Department of Health on March 6, 1990.

On September 27, 1995, LCI entered into a contract with A & F allegedly agreeing to sell approximately 150 acres in the

pealed upon at least fifteen (15) days' notice of a hearing on such amendment, supplement, change, modification or repeal, said notice to be given in an official paper or a paper of general circulation in such municipality or county specifying a time and place for said hearing.

5. Title 28 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable ex-

clusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

6. Title 28 U.S.C. § 1988(b), provides:

(b) Attorney's fees. In any action or proceeding to enforce a provision of sections 1977, 1977A, 1978, 1979, 1980, and 1981 of the Revised Statutes [42 USCS §§ 1981–1983, 1985, 1986], title IX of Public Law 92–318 [20 USCS §§ 1681 et seq.], the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964 [42 USCS §§ 2000d et seq.], or section 40302 of the Violence Against Women Act of 1994, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

PUD to A & F. The contract required A & F to develop and construct a golf course on the subject property. LCI transferred the subject property to A & F on or about November 3, 1995, by way of warranty deed. The warranty deed contained a restriction requiring that the property be maintained as a golf course for 10 years from December 31, 1996. In 1996, the property was developed by A & F as required in the contract and warranty deed.

On or about February 25, 1998, the Madison County Board of Supervisors, approved another Master Plan for the PUD. The 1998 Master Plan ("1998 plan") showed a golf course on A & F's property where residential lots formerly appeared on the 1989 plan. The Order from the Madison County Board of Supervisors approving the 1998 plan stated that all future actions affecting the development would be taken in keeping with the 1998 plan. Plaintiff alleges that the 1998 plan was approved by the Madison County Board of Supervisors without notice and a hearing as required by law.

In February 2001, the Madison County Board of Supervisors approved an amendment to the 1998 plan. This 2001 Master Plan ("2001 plan"), plaintiff alleges, was not accompanied by notice and a hearing. The 2001 plan adds 217 lots. The 2001 plan shows A & F's property as a golf course. A & F contends it has a contract right to change the use of said property after December 31, 2006.

In February 2003, the Madison County Board of Supervisors again approved an amendment to the 2001 plan. This 2003 Master plan ("2003 plan"), plaintiff says, was also unaccompanied by notice and a hearing. The amendment added 6 commercial lots along Catlett Road. On September 1, 2003, A & F advised the Madison County Board of Supervisors of its intention to develop the subject property into a residential subdivision on December 31, 2006. A & F was advised by members of the Madison County Board of supervisors that development within the PUD must adhere to the Master Plan.

On March 26, 2004, A & F filed a request to amend the 2003 plan. A & F requested that it be allowed to change the use of its property within the PUD from a golf course to a residential subdivision effective December 31, 2006, and that the Madison County Board of Supervisors approve said request. The Madison County Board of Supervisors gave notice and a hearing, scheduling the hearing for April 23, 2004. The Madison County Board of Supervisors unanimously voted to deny A & F's request at the hearing, citing the 1998 plan as the reason for the denial.

A & F appealed the decision to the Madison County Circuit Court requesting reversal. The Madison County Circuit Court Case is styled Civil Action No. Cl–2004–0129–C. Madison County Circuit Court Judge William E. Chapman, III, issued an Opinion and Order, dated October 25, 2004. Judge Chapman upheld the decision of the Madison County Board of Supervisors.

A & F filed this lawsuit on August 16, 2004. LCI filed its motion to intervene on October 15, 2004. On the same date, the Madison County Board of Supervisors filed its motions to dismiss and to stay.

## II. Relevant Law and Application

### Res Judicata

▮ Defendant contends that the doctrine of *res judicata* bars the plaintiff's cause of action before this court. In support, defendant cites Judge Chapman's opinion, dated October 25, 2004.

▮ *Res judicata* is a doctrine of claim preclusion. *McIntosh v. Johnson,* 649 So.2d 190, 193 (Miss.1995) (overruled on other grounds); *Norman v. Bucklew,*

684 So.2d 1246 (Miss.1996). It precludes parties from litigating in a second action claims within the scope of the judgment of the first action. This includes claims which "were made or should have been made, in the prior suit." *Id. Anderson v. LaVere,* 895 So.2d 828, 832 (Miss.2004). "A prior state court decision must be given the same preclusive effect in a subsequent federal action as it would be given by the courts of the state from which the decision arose." *Bullock v. Resolution Trust Corp.,* 918 F.Supp. 1001, 1009 (S.D.Miss. 1995) (citing *Gates v. Walker,* 865 F.Supp. 1222, 1236 (S.D.Miss.1994)).

 Further, four identities must be satisfied in order to establish *res judicata:* "(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality or character of a person against whom the claim is made." *Id.* Each of the above will be discussed in turn.

*(1) Identity of the Subject Matter*

Defendants contend that the real property contained in the 1998 plan is the subject matter of this lawsuit and plaintiff's cause of action in state court. Plaintiff contends the cause of action before this court is to void the 1998 plan, whereas its cause of action in state court is to amend the 2003 plan in order to develop its property into a residential area rather than a golf course.

This court is not persuaded the subject matter of the disputes is different. In both causes of action, the plaintiff is suing to gain approval of the Board of Supervisors for developing its property into a residential area as opposed to a golf course. Consequently, this court is persuaded the subject matter of the two suits is the same.

*(2) Identity of the Cause of Action*

Defendant submits that this cause of action is the same as that plaintiff brought in the state court. Plaintiff contends that the relief sought distinguishes the two causes of action since it, again, seeks to void the 1998 plan as opposed to amend the 2003 plan.

 Identity of the causes of action exists where there is a commonality in the "underlying facts and circumstances upon which a claim is asserted and relief sought in the two actions." *Riley v. Moreland,* 537 So.2d 1348, 1354 (Miss.1989) (citing *Walton v. Bourgeois,* 512 So.2d 698, 702 (Miss.1987)). Where "the underlying facts and circumstances giving rise to the plaintiff's claim [in the federal action] are the same as the ones plaintiff raised in [the prior] state court action, then identity of cause of action is present." *Gates,* 865 F.Supp. at 1238. *Bullock,* 918 F.Supp. at 1009. The plaintiff concedes that the facts underlying the two causes of action are the same in its response to defendants supplemental motion to dismiss. Resp. to Def.'s Supplemental Mot. to Dismiss at 13.

Next, plaintiff claims the relief sought is different since this action seeks to void the 1998 plan whereas the state court action sought to amend the 2003 plan. Again, this court is not persuaded because the plaintiff seeks leave to develop a residential area instead of a golf course, contravening the Madison County Board of Supervisors' recorded zoning scheme.

Further, although plaintiff herein asserts that its due process claim under the Fourteenth Amendment raised *sub judice* was not addressed in Judge Chapman's Order, the averments in Judge Chapman's Order indicate otherwise. Judge Chapman in various places in his Order recited the following:

AFP's arguments regarding the violation of its constitutional rights, both due process and equal protection, are without merit. To the extent, AFP asserts the Board's actions violated such rights, AFP should not be allowed to construct a golf course under the terms and conditions of the golf course agreement without having done all required relative to any amendments to the Lake Caroline PUD and county zoning ordinances to protect its rights under such agreement and then after not having done so later claim that the Lake Caroline PUD was not properly amended to reflect the rights it claims under such agreement. Accordingly, this court finds the underlying facts and relief sought are similar enough to deem this cause of action and plaintiff's state court cause of action to be the same.

### (3) Identity of the Parties

The plaintiff's state cause of action names the Madison County Board of Supervisors as defendant. Also, Lake Caroline, Inc., and Lake Caroline Owner's Association were joined as necessary and indispensable parties to that cause of action. This cause of action names only the Madison County Board of Supervisors.

 Mississippi law requires that the parties to the two actions must be substantially identical in order for *res judicata* to apply. " 'Substantially identical' does not mean 'exactly the same.' " *Gates*, 865 F.Supp. at 1239. Privity, succession of interest, and relationship are terms used to express the identity of parties required for the application of *res judicata*. *Id.*, citing *State, ex rel. Moore v. Molpus*, 578 So.2d 624, 640 (Miss.1991); *Walton*, 512 So.2d at 701. *See also Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1173 (5th Cir.1992) (recognizing privity as a broad concept which requires court to "look to the surrounding circumstances to determine whether claim preclusion is justified."). *Bullock*, 918 F.Supp. at 1010. The Madison County Board of Supervisors was party to both causes of action.

This court finds the relationship between the interests of the Madison County Board of Supervisors and that of Lake Caroline, Inc., and Lake Caroline Owner's Association in preventing the change to the common development scheme close enough to justify finding this cause of action *res judicata*. As a result, this court finds that the parties are substantially identical in this cause of action and in plaintiff's state court cause of action.

### (4) Quality or Character of the Person against Whom the Claim Was Made

Defendant claims that because the Madison County Board of Supervisors is sued in its individual capacity, as opposed to as an agent of another party, in both suits that its quality or character is the same in both suits. "[Quality or character] just means that if someone is appearing in some limited or representative capacity in one case and personally in the other, that party's "quality or character" is not the same in the two actions." *McCorkle v. Loumiss Timber Co.*, 760 So.2d 845, 856 (Miss.App.2000).

After reviewing the state court order, this court is persuaded that plaintiff sued the Madison County Board of Supervisors in the same quality or character in both this cause of action and the preceding. Accordingly, this court finds this lawsuit *res judicata* as a result of Judge Chapman's order upholding the decision of the Madison County Board of Supervisors issued in the Madison County Circuit Court Case styled Civil Action No. CI–2004–0129–C, dated October 25, 2004.

### Collateral Estoppel

 When collateral estoppel is applicable, the parties will be precluded from

relitigating a specific issue actually litigated, determined by, and essential to the judgment in a former action, even though a different cause of action is the subject of the subsequent action. *Lee v. Wiley Buntin Adjuster, Inc.*, 204 So.2d 479 (Miss. 1967); *Lyle Cashion Co. v. McKendrick*, 227 Miss. 894, 87 So.2d 289 (1956). And, collateral estoppel, unlike the broader doctrine of *res judicata*, applies only to questions actually litigated in a prior suit, and not to questions which might have been litigated. *Johnson v. Bagby*, 252 Miss. 125, 171 So.2d 327 (1965). *Dunaway v. W.H. Hopper & Associates, Inc.*, 422 So.2d 749, 751 (Miss.1982). "[W]here a question of fact essential to a judgment is actually litigated and determined by a valid and final judgment, that determination is conclusive ... [against the party against whom it was made] in a subsequent suit on a different cause of action." *Garraway v. Retail Credit Company*, 244 Miss. 376, 141 So.2d 727, 730 (1962); *Dunaway v. W.H. Hopper & Associates, Inc.*, 422 So.2d 749, 751 (Miss.1982); *Magee v. Griffin*, 345 So.2d 1027, 1032 (Miss.1977).

The issue in the state court cause of action was whether to allow the plaintiff to build a residential area as opposed to the golf course recorded in the county zoning plan. Plaintiff's request was denied by the Board of Supervisors. The state court affirmed said denial. Accordingly, this court finds the plaintiff is prohibited from litigating the issue of the request to develop its property contrary to county record.

This court need not reach the issue of whether LCI and Lake Caroline Owners Association are indispensable parties which plaintiff failed to join, since the parties in this case and plaintiff's state court case are "substantially identical" so as to justify a finding of *res judicata*. Also, this court need not reach the issue of whether it should abstain pending ruling in the state court, as the state court issued its ruling in plaintiff's state cause of action on October 25, 2004.

### *Conclusion*

Defendants' motion to dismiss is, hereby, granted as this court finds plaintiff's cause of action prohibited by the doctrines of *res judicata* and collateral estoppel, pursuant to the applicable case law and Judge Chapman's order upholding the decision of the Madison County Board of Supervisors in the Madison County Circuit Court, dated October, 25, 2004. All other pending motions are rendered moot.