LYLE CASHION COMPANY *v.* MCKENDRICK

No. 40124          May 7, 1956          87 So. 2d 289

896

*M. J. Peterson,* Jackson; *Brunini, Everett, Grantham & Quin,* Vicksburg; *Corban & Corban,* Fayette; *Thomas J. Mallette,* Jackson, for appellant.

898

*O. B. Triplett, Jr., Frank Mize,* Forest; *Laub, Adams, Forman & Truly,* Natchez; *Teller & Biedenharn,* Vicksburg, for appellees.

900

GILLESPIE, J.

This is an appeal from a decree of the Chancery Court of Jefferson County, Mississippi, confirming in appellee, McKendrick, title to a working interest in certain oil, gas and mineral leases and cancelling as

clouds upon the title of appellee the claims of the appellant, Lyle Cashion Company.

Appellant and appellee entered into a written agreement on April 29, 1950 for the drilling of a test well under certain oil, gas and mineral leases situated in Jefferson County, Mississippi, which agreement contained the following provision:

"Should any party hereto acquire any leases, royalty, etc., within a radius of ten (10) miles of the well site within six months following May 1, 1950, the other party hereto may have an option of purchasing, within said six month's period, one-half (1/2) of the other party's purchase, at its net cash cost (exclusive of traveling, meals, or hotel expenses)."

The oil well was drilled. Within the six month's period provided in the contract the leases involved in this litigation were acquired in the name of appellant, and a well drilled on one of these leases was productive.

A dispute arose between appellant and appellee as to whether the latter had exercised his option to acquire a one-half interest in the leases acquired by appellant.

Shortly after the expiration of the six month's period, and on October 13, 1950, appellant filed a complaint in the United States District Court for the Eastern District of Louisiana, in which district appellee lived, seeking a declaratory judgment as to the rights and other legal relations under the agreement of April 29, 1950, as between appellant and appellee, and for judgment that appellee had no interest in the leases acquired by appellant within six months following March 1, 1950, within a radius of ten miles of the well site mentioned in the agreement of April 29, 1950. Appellant alleged that the value of the matter involved in the litigation was in excess of $3,000, exclusive of interest and costs, and diversity of citizenship between appellant, a corporation organized and existing under the laws of the

State of Deleware, and appellee, a resident of New Orleans, Louisiana. Appellee answered and admitted that an actual controversy existed between the parties and that both parties were entitled to have the court declare their rights and other legal relations under the agreement. Appellee contended in his pleadings that he had exercised his option under the contract and was entitled to participate therein as part of a join venture between appellant and appellee, and under his counterclaim, appellee contended he should be adjudged the owner of an undivided one-half of the leases acquired by appellant within a ten-mile radius of the well site mentioned in the contract of April 29, 1950.

A full hearing was held in the United States District Court and the judge rendered a written opinion sustaining the contentions of appellee's counterclaim, and specifically held that appellee had exercised the option under the April 29, 1950 contract, and on August 17, 1951, entered a judgment declaring appellee to be the owner of an undivided one-half of the right, title and interest of appellant under various oil, gas and mineral leases acquired in the name of appellant within the six-month's period provided in the contract dated April 29, 1950.

Stipulations were entered during the course of the trial as to the percentage of working interests in dispute and for certain drilling operations to be carried on by appellant pending the litigation. The judgment was "approved as to form as being in conformity with reasons for judgment rendered herein," by appellant's attorney.

Appellant appealed to the United States Circuit Court of Appeals, 5th Circuit, where the judgment of the lower court was affirmed. 204 F. 2d 609.

The present suit was brought by appellee for confirmation of title of the working interests above referred to, and for the cancellation of any claims of appellant, and it was alleged that appellant had refused to recog-

nize the rights of appellee declared by the judgment of the United States District Court for the Eastern Division of Louisiana, in the oil, gas and mineral leases involved. Attached to the bill was the judgment of the United States District Court for the Eastern Division of Louisiana. At the trial, the entire record and proceedings of the suit in the District Court was introduced over the objection of appellant. No other evidence was received.

The substance of appellant's answer was that the proceedings in the prior Federal Court case were ineffectual and the judgment void for lack of jurisdiction over the property. He made his answer a crossbill seeking confirmation of his title and cancellation of the claims of appellee.

The question for our decision is whether a declaratory judgment of Louisiana Federal District Court declaring the rights and other legal relations of the parties to a contract involving interests in land in this State is effective and binding on the parties and their privies so as to preclude relitigation in a subsequent suit in this State of the specific question actually litigated and determined by and essential to the prior judgment.

To arrive at answer to the question, we must consider (1) whether the United States District Court, Eastern District of Louisiana, had jurisdiction of the parties and the subject matter of the suit; (2) whether the question sought to be litigated in the Chancery Court of Jefferson County, Mississippi, was litigated and determined by the Federal Court in the prior suit; (3) the conclusiveness of a judgment under the Federal Declaratory Judgment Act; (4) whether the judgment of the Louisiana Federal Court was void under the rule that a decree of a foreign court cannot directly operate upon land in another State; and (5) sufficiency of the evidence to establish title in appellee.

■■ The venue, or locality of the lawsuit, was proper; the federal venue statute provides that suits between citizens of different states may be brought in the district of the residence of either the plaintiff or defendant. The value of the matter involved exceeded $3,000. That the District Court for the Eastern District of Louisiana had jurisdiction of the parties is not open to question. Appellant filed the suit and invoked the jurisdiction of the court, and appellee was a resident of the district and acquiesced in the jurisdiction by filing a counterclaim.

■■ In that suit, the power to hear and determine cases of the general class to which the suit belonged, the nature of the suit and the relief sought or grantable under it, determined the question of jurisdiction of the subject matter. Duvall v. Duvall, 80 So. 2d 752; Griffith, Mississippi Chancery Practice, 2nd ed., Section 104. The property, the interests in Mississippi lands, was involved, and its ownership was the ultimate object of the law suit, but it was not the subject matter. The power to adjudicate and declare rights and other legal relations of the litigants in cases of actual controversies was granted the Federal Courts by Congress. U.S.C.A. Title 28, Section 2201. Every jurisdictional requirement was present.

The specific question litigated and determined by the Federal Court, and essential to the judgment rendered, was whether appellee had exercised the option under the ten-mile radius paragraph contained in the contract of April 29, 1950. The Federal Court found that appellee had exercised his option within the time and manner provided in the contract, and the determination of that specific question was the crux of the law suit. That specific question, in the final analysis, was the question before the chancery court in the present case. In its answer in the present suit, appellant disputed the validity of the Federal Court judgment, and in so doing,

disputed the questions determined by and essential to that judgment, including whether appellee exercised the option under the contract of April 29, 1950; and even if that specific issue did not appear in the pleadings in the present suit in so many words, it inhered in the position assumed by appellant.

There were numerous parties to the suit in the lower court, and some of the issues between them have not been determined, but the determination of the question whether the Federal Court judgment was valid, as between appellant and appellee, and those in privity with him, was a single issue and was finally determined by the lower court. Therefore, the issue in the two suits, the declaratory judgment suit in the Eastern District of the United States of Louisiana, and the present suit seeking an adjudication of appellee's ownership of his claimed interests and the cancellation of the claims of appellant thereto, turned on the same specific question.

■■ ■ The Federal Declaratory Judgment Act provides that a declaratory judgment "shall have the force and effect of a final judgment or decree."

■■ ■ Under the principle of collateral estoppel appellant is precluded from relitigating in the present suit specific questions actually litigated and determined by and essential to the judgment in the prior suit, even though a different cause of action is the subject of the present suit. ■■ ■ The doctrine of res judicata has two aspects: (1) Merger of the cause of action into the judgment or as a bar precluding a party from maintaining another action on the same cause of action irrespective of what issues were litigated or determined in the former action, and (2) the principle of collateral estoppel which precludes relitigation in another action of a specific question actually litigated and determined by and essential to the judgment, even though a different cause of action is the subject of the subsequent proceeding. This principle applies to declaratory judgments the

same as to any other judgment. Anno. 10 A.L.R. 782. Cf. Etheredge v. Webb, 210 Miss. 729, 50 So. 2d 603.

■ ■ The collateral estoppel aspect of res judicata finds particular application to declaratory judgments. In such suits, the plaintiff is not seeking to enforce a claim against the defendant, but rather a judicial declaration of legal relations between the parties. Therefore, a declaratory judgment operates as an absolute bar only when the subsequent suit again seeks declaratory relief. Otherwise, the collateral estoppel aspect of res judicata applies and precludes relitigating the specific issues determined by and essential to the declaratory judgment when those specific issues are sought to be again disputed in a subsequent suit.

■■ ■ It is a universal rule that a judgment of the courts of one State cannot directly affect and determine the title to real property located in another State. 50 C.J.S., Judgments, Section 889(2).

■■ ■ It is equally well settled that one who selects a forum and affirmatively invokes its jurisdictional power to determine questions arising under a contract involving real estate situated in another state and a judgment is rendered binding on the parties personally, such judgment is conclusive of the questions determined so as to preclude the party who invokes the jurisdiction from relitigating the same questions in the state where the property is situated. Baughan v. Goodwin, 162 S.W. 2d 732 (Tex.); Hall v. Jones, 54 S.W. 2d 835, (Tex.); Dunlap v. Byers, 67 N.W. 1067 (Mich.); Niles v. Lee, 135 N.W. 274, 169 Mich. 474; Idaho Gold Mining ·Co. v. Winchell, 59 Pac. 533 (Idaho); Hicks v. Corbett, 278 Pac. 2d 77 (Cal.); Milner v. Schaefer, 211 S.W. 2d 600 (Tex.); Anno. 145 A.L.R. 583. In such case, the judgment or decree does not operate directly on the property, but on the party; it does not vest or divest title, but is conclusive of the legal rights under the contract, insofar as those rights were determined, and as

such may be used as evidence to establish title in the State where the land is situated.

It should be observed that many cases hold that the rule stated in the preceding paragraph is not limited to the party who invokes the jurisdiction of the foreign court, but is binding on all parties to the suit where the suit is not one merely involving title. Anno. 145 A.L.R. 583. But we are concerned only with the conclusive effect on the party who invokes the jurisdiction of the foreign court.

■■ Appellant had its day in court in a forum of its own selection. The federal suit ran its full course to final judgment and was affirmed on appeal. Under these circumstances appellant cannot be heard to repudiate the judgment and thus be allowed to again run the course of litigating the same issues.

Appellant contends that the lower court erred in overruling its motion to dismiss appellee's bill and amended bills of complaint on the grounds that appellee failed to prove either (1) a perfect legal title, or (2) a perfect equitable title to the claimed interests in the mineral leases, and that the judgment of the Louisiana Federal Court did not constitute muniment of title to interests in Mississippi lands.

■■ The record of the Federal Court case contained the contract between appellant and appellee dated April 29, 1950, stipulations as to the identity of the leases and appellee's claimed working interests therein, the testimony, the findings of the court, and the judgment. These constituted muniments establishing title in appellee to the working interests in the leases. Muniments of title is a general expression often having reference to deeds and other written evidence of title, but includes all means of evidence by which an owner may defend title to real property. 64 C.J.S., Section 1079.

■■ The evidence perfected title in appellee to the working interests in the leases in the absence of some

other source of right in appellant not concluded by the Louisiana suit. No such other right was asserted by appellant and the lower court properly confirmed title in appellee and cancelled the claims of appellant.

The decree of the lower court is affirmed and the case remanded to the lower court for any further necessary proceeding not inconsistent with our mandate and this opinion.

Affirmed and remanded.

*McGehee, C.J.,* and *Hall, Kyle* and *Arrington, JJ.,* concur.