GILLESPIE, Presiding Justice:
Appellees filed suit against appellant in the Circuit Court of Panola County on a judgment rendered by the Circuit Court of Shelby County, Tennessee. An authenticated copy of the Tennessee judgment was attached to the declaration. Appellant answered and as a defense alleged that since rendition of the Tennessee judgment he had been adjudicated a bankrupt and received his discharge. He attached to his answer a certified copy of the discharge in bankruptcy. In response to appellant’s answer, appellees alleged that the debt was not one subject to discharge in bankruptcy because the Tennessee judgment was based on a loss to appellees as a result of appellant’s burglary of their safe and store. Appellees attached to their pleading an authenticated copy of the pleadings on which the Tennessee judgment was based, which showed that the sole basis of appellant’s liability was appellant’s burglary of appellees’ safe and store.
Appellees offered certain oral testimony which was not necessary to make out a case and will not be discussed here. The appellant offered no evidence. The Circuit Court of Panola County entered judgment for the amount of the Tennessee judgment and appellant appealed to this Court.
Appellant assigns three errors. The answer to one question disposes of the case. It is: Is the record of the Tennessee civil suit, consisting of the declaration, special pleas of appellant, and the judgment, conclusive on the question whether the basis of that judgment was “wilful and malicious injuries to the person or property” of appellees? We hold that it was and affirm the case.
The Bankruptcy Act, Title 11, U.S.C.A. section 35 excepts from dischargeable debts those such as liability “for wilful and malicious injuries to the person or property of another.” It is beyond dispute that damages resulting from a burglary are for wilful and malicious injury to the property of the owner, and liability therefor is not dischargeable in a bankruptcy proceeding. The only question is whether the Tennessee judgment was for damages resulting from appellant’s burglary of appellees’ store and safe. Appellant’s answer raised no other question. The Tennessee judgment, together with the declaration and appellant’s special pleas, shows that the sole basis of liability was the burglary of appellees’ store and safe. The fact of the burglary was a specific question actually litigated and determined by and essential to the judgment of the Tennessee Court. The Tennessee judgment is regular on its face and is entitled to full faith and credit.
*608 The present case is similar in posture and directly in point in principle to Lyle Cashion Company v. McKendrick, 227 Miss. 894, 87 So.2d 289 (1956). In that case a dispute arose between Lyle Cashion Company and McKendrick as to whether the latter had exercised his option to acquire a one-half interest in certain oil and gas leases on Mississippi lands. Lyle Cashion Company filed suit for declaratory judgment in the United States District Court in Louisiana and the dispute was litigated and decided in favor of McKendrick. Thereafter McKendrick filed suit in Mississippi to confirm title to his interest in the oil and gas leases and offered no evidence except the record of the proceedings in the Louisiana Federal Court. This Court said that the specific issue between the parties in the Louisiana Federal Court was whether McKendrick had exercised his option within the time and manner provided in the contract and that the Federal Court decided this issue for McKendrick. This Court further stated that the same issue was before the Mississippi Court. In denying Lyle Cashion Company’s attempt to relitigate this same question in Mississippi, the Court said:
Under the principle of collateral estop-pel appellant is precluded from relitigat-ing in the present suit specific questions actually litigated and determined by and essential to the judgment in the prior suit, even though a different cause of action is the subject of the present suit. The doctrine of res judicata has two aspects: (1) Merger of the cause of action into the judgment or as a bar precluding a party from maintaining another action on the same cause of action irrespective of what issues were litigated or determined in the former action, and (2) the principle of collateral estoppel which precludes relitigation in another action of a specific question actually litigated and determined by and essential to the judgment, even though a different cause of action is the subject of the subsequent proceeding. (227 Miss, at 906, 87 So.2d at 293).
In the Tennessee Court the parties to the present suit litigated the issue whether appellees’ were damaged to the extent of $22,488.83 as a result of appellant’s burglary of their property. This same issue is the sole one in the present case. The record of the Tennessee suit is conclusive on the only issue in the case. There was no issue of fact for the jury to decide and the court properly entered judgment for appellees.
Appellant argues that the court erred in giving conclusive effect to the Tennessee judgment because no evidence was offered by appellees as to the nature of the debt sued on in the present case and because the Tennessee judgment was general and made no specific finding that the basis of liability was burglary. The Tennessee judgment, when read with the pleading in that suit, conclusively establishes the nature of the liability and that it was the burglary of appellees’ store and safe. The declaration in the Tennessee case charged appellant with burglary of appellees’ property and the theft of valuables from the safe during the process of the burglary. Appellant’s answer in the Tennessee case denied the burglary. The pleading thus showed that the sole basis of the liability was the burglary.
Based on appellant’s contention that he was convicted in Tennessee only of burglary and not larceny, it is argued that the judgment should only be for the sum of less than $700, the amount of damages appellees are alleged to have suffered as a result of damage to the safe and building. He contends that the sum of about $21,000 said to have been stolen from the safe should be deducted from the judgment because he was not convicted of larceny. We are of the opinion, however, that the outcome of the criminal prosecution of appellant is wholly immaterial in this case. Moreover, no such issue was raised by appellant’s answer.
We find no reversible error. The case is affirmed.
Affirmed.
RODGERS, JONES, BRADY and IN-ZER, JJ., concur.