SUGG, Justice:
This case is an appeal from an order of the Circuit Court of Madison County, Mississippi, dismissing appellant’s declaration against appellee with prejudice.
On May 2, 1970, appellant sued appellee for actual damages in the amount of $100,000 and punitive damages in the amount of $1,000,000 alleging that he had repeatedly sought access to his property from a road constructed by appellee; that the appellee willfully, maliciously, capriciously and arbitrarily denied petitioner access to his property from such road.
Before the damage suit was filed, appellant sought an injunction against appellee by a bill of complaint filed June 5, 1969, in the Chancery Court of Madison County, Mississippi. Appellant’s chancery suit was heard and appealed to this Court resulting in the decision in. Warwick v. Pearl River Valley Water Supply District, 246 So.2d 525 (Miss.1971) which controls the case at bar.
Under the decision of Warwick, supra, the Court held that appellant was not entitled to utilize the land of the District for the purpose of ingress and egress until such time as the District was compensated for the right-of-way; that Warwick was entitled as a matter of right and public policy to full enjoyment of his property; and, that the State would lend its arm to establish, by implication of law, a right of ingress and egress where none existed in order to accomplish this purpose.
The decree of the Chancery Court which established by implication of law .a way of necessity where none previously existed was affirmed, and the case was remanded for the purpose of designating the way of necessity for ingress and egress to appellant’s 47 acre tract of land, and to determine the amount of compensation to be paid by appellant to appellee. Thereafter the Chancery Court designated the site of access and fixed the compensation to be paid by appellant to appellee for such access. Appellant paid the amount required by the decree of the Chancery Court and received an easement agreement from ap-pellee dated August 20, 1971.
*96 Appellant assigns as error the action of the trial court in sustaining appellee’s affirmative defense which raised the plea of res judicata and collateral estoppel.
It is apparent that appellant seeks to re-litigate the same issue determined in the former suit in the Chancery Court of Madison County, Mississippi. In Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 87 So.2d 289 (1956), cited with approval in C. I. T. Corp. v. Turner, 248 Miss. 517, 157 So.2d 648 (1963), this Court stated:
Under the principle of collateral estop-pel appellant is precluded from relitigat-ing in the present suit specific questions actually litigated and determined by and essential to the judgment in the prior suit, even though a different cause of action is the subject of the present suit. The doctrine of res judicata has two aspects : (1) Merger of the cause of action into the judgment or as a bar precluding a party from maintaining another action on the same cause of action irrespective of what issues were litigated or determined in the former action, and (2) the principle of collateral estoppel which precludes relitigation in another action of a specific question actually litigated and determined by and essential to the judgment, even though a different cause of action is the subject of the subsequent proceeding. This principle applies to declaratory judgments the same as to any other judgment. Anno. 10 A.L.R. 782. Cf. Etheridge v. Webb, 210 Miss. 729, 50 So.2d 603. The collateral estoppel aspect of res judicata finds particular application to declaratory judgments. In such suits, the plaintiff is not seeking to enforce a claim against the defendant, but rather a judicial declaration of legal relations between the parties. Therefore, a declaratory judgment operates as an absolute bar only when the subsequent suit again seeks declaratory relief. Otherwise, the collateral estoppel aspect of res judicata applies and precludes reliti-gating the specific issues determined by and essential to the declaratory judgment when those specific issues are sought to be again disputed in a subsequent suit. (227 Miss. at 906, 87 So.2d at 293.) (Emphasis supplied.)
In the former case in Chancery Court, one of the essential issues actually litigated and determined was whether appellant had the right of access to the road as an abutting property owner. This issue was decided adversely to appellant. The present suit seeks to relitigate that same issue, for the existence of that right is essential to the appellant’s case in the present suit.
Under the collateral estoppel aspect of the doctrine of res judicata appellant is barred from relitigating in his second action the same issue determined in the former action. We therefore affirm.
Affirmed.
GILLESPIE, C. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.