495 So.2d 461 (1986)
INGALLS SHIPBUILDING DIVISION, LITTON SYSTEMS, INC.
v.
Edward L. PARSON, Deceased.
No. 55836.
Supreme Court of Mississippi.
September 24, 1986.
Rehearing Denied October 29, 1986.
*462 Richard P. Salloum, Franke, Rainey & Salloum, Gulfport, for appellant.
T. Larry Wilson, Ransom P. Jones, III, Pascagoula, for appellee.
Before WALKER, C.J., and SULLIVAN and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This appeal from the Circuit Court of Jackson County calls upon us to discuss the res judicata effect of a proceeding under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq., on a subsequent proceeding under the Mississippi Workers' Compensation Act. Finding appellee's claim to have been previously litigated under the act, we reverse and render.
In 1939 or 1940 Edward Parson, Jr., was hired as a carpenter by Ingalls Shipbuilding. Except for the time he spent in service in the Navy in World War II, he worked continuously in that capacity until 1972. Around 1969, he began to experience extreme shortness of breath. In 1972, this ailment had become so severe that he could no longer work, and so retired from the company. His respiratory difficulties worsened, and after several years of being treated by various physicians, he was told by Dr. M.D. Hardy in 1979 that he was suffering from asbestosis due to prolonged exposure to asbestos at the Ingalls worksite. Parson had spent a great deal of time installing asbestos insulation in ships at the Ingalls yard. On May 22, 1980, Parson filed a disability claim against Ingalls under the Longshoremen's Act.
On August 12, 1980, he filed another disability claim against Ingalls under the Mississippi Workers' Compensation Act.
On September 12, 1981, Edward Parson died from a combination of respiratory and heart defects due to asbestosis. His widow, Hazel Parson, thereupon filed a claim for death benefits under the Longshoremen's Act on October 21, 1981, and a similar claim under the Mississippi act on November 10, 1981.
On September 7, 1982, the claims of both Parson and his widow under the Longshoremen's Act came to trial before Administrative Judge Kenneth Jennings. After a full trial on the merits, the Administrative Judge found that Parson had suffered from asbestosis since 1969 and the respiratory and heart ailments stemming from this asbestosis had caused his death. However, he also found that Parson knew or should have known that he suffered from asbestosis by June 16, 1979. His claim was filed on May 22, 1980. There being no satisfactory explanation for the delay in filing, Judge Jennings held that Parson's own disability claim was barred by § 912 of the Longshoremen's Act, which requires a claimant to give notice to the employer of the ailment within thirty days from the date on which the claimant learned or should have learned of the condition. On the other hand, Judge Jennings held that since asbestosis had caused Parson's death, Mrs. Parson's claim for death benefits was compensable.
The claims under the Mississippi act came for a hearing before Administrative Judge Thomas A. Webb on October 6, 1982. By agreement of the parties, the transcript *463 of the proceedings before Judge Jennings was submitted to Judge Webb; no other evidence was introduced. On November 23, 1982, Ingalls filed a motion to dismiss, alleging that Judge Jennings' order was res judicata to the present action under the Mississippi act, in that Parson and his widow were estopped from relitigating the issue of whether Parson fulfilled the notice requirements of the Mississippi act (which are identical to those of the Longshoremen's Act). MCA § 71-3-35 (1972). The administrative judge never made any ruling on this motion, but on March 4, 1983, issued an order basically embodying the same findings of facts as those made by Judge Jennings in the earlier proceeding, except that Judge Webb also found the "employer had notice of the claimant's condition within the meaning and intent of the Mississippi Workmen's Compensation Act." He therefore found that Parson had been entitled to disability benefits under the state act and included such payments in the order. On appeal, the decision of Judge Webb was affirmed by both the full Workers' Compensation Commission and the Circuit Court of Jackson County.
The only real issue in this appeal is whether the Mississippi administrative judge erred in holding that Judge Jennings' decision was not res judicata to the action under our workers' compensation act.
Collateral estoppel is a subsidiary of the doctrine of res judicata, and has long been recognized as such in Mississippi jurisprudence. It "precludes relitigation in another action of a specific question actually litigated and determined by and essential to the judgment, even though a different cause of action is the subject of a subsequent proceeding." Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 906, 87 So.2d 289, 293 (1956). See also C.I.T. Corp. v. Turner, 248 Miss. 517, 157 So.2d 648 (1963); Warwick v. Pearl River Valley Water Supply District, 271 So.2d 94 (Miss. 1973).
It is clear that some administrative proceedings can have a res judicata effect on later actions. Miss. Employment Security Comm'n v. Philadelphia Mun. Sep. Sch. Dist., 437 So.2d 388, 396 (Miss. 1983); City of Jackson v. Holliday, 246 Miss. 412, 419, 149 So.2d 525, 527 (1963). Proceedings under the Longshoremen's Act fall into this category. See Ellett v. Giant Food, Inc., 66 Md. App. 695, 505 A.2d 888, 891 (1986); Seeler v. Otis Elevator Co., 281 A.D. 140, 120 N.Y.S.2d 325, 328 (1952). (In both of these cases the res judicata argument was rejected, but the opinions make it clear that under suitable facts it would have been available.)
Appellee admits that the issues of fact tried before Judge Jennings are the same as those submitted to Judge Webb. Appellee, however, attempts to distinguish the Longshoremen's Act proceedings for res judicata purposes by stating that under our state act, the employer has the burden of showing prejudice from the failure of the employee or claimant to meet the notice requirements. If the employer does not fulfill this burden, the claimant's failure to meet the notice requirements will be held harmless. This is an accurate statement of our state law on the matter. Central Electric and Machinery Co. v. Shelton, 220 So.2d 320 (Miss. 1969); Davis v. Clark-Burt Roofing Co., 238 Miss. 464. 118 So.2d 774 (1960).
The appellees assert that the Longshoremen's Act differs from our state act in giving the burden of proof on this matter to the employee or claimant. If so, the harmlessness or prejudice resulting from the claimaint's default would constitute an issue "necessary to the judgment" and not litigated in the Longshoremen's Act proceedings. Therefore, appellees argue, the doctrine of collateral estoppel does not apply here.
As noted, the appellees are correct in their assertion that the Mississippi act presumes a lack of prejudice to the employer. However, they cite no authority for their allegation that the burden is alloted in the opposite fashion under the Longshoremen's act. No wonder, for that assertion is simply wrong. The act creates a presumption that in the absence of substantial evidence to the contrary, the employer was not prejudiced *464 by the failure to give notice. E.g., Avondale Shipyards, Inc. v. Vinson, 623 F.2d 1117, 1120 (5th Cir.1980); Stevenson v. Linens of the Week, 688 F.2d 93, 98 (D.C. Cir.1982); Oljenik v. O'Hearne, 135 F. Supp. 496, 499 (D.Md. 1955).
In short, every factual issue pertinent to the proceeding under the Mississippi act was litigated and decided adversely to Parson in the Longshoremen's act proceedings. Therefore, the order of Judge Jennings in that action is res judicata to Parson's claim under our state act, and the Mississippi Administrative Judge erred by not granting the motion to dismiss.
REVERSED AND RENDERED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, and GRIFFIN, JJ., concur.