## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-CA-00448-SCT

*JOE H. NORMAN AND BEVERLY NORMAN*

*v.*

*HENRY BUCKLEW, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS THE MAYOR OF THE CITY OF LAUREL, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/03/94 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | J. ANDREW PHELPS |
| | ROBERT MARSHALL |
| ATTORNEY FOR APPELLEE: | HAROLD W. MELVIN |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 12/5/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 1/8/97 |

**BEFORE DAN LEE, C.J., PITTMAN AND ROBERTS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

### INTRODUCTION

¶1. This is a case involving questions of civil procedure. Specifically, the Court is requested to determine whether or not the Jones County Circuit court properly dismissed the appellants' complaint on the basis of res judicata and collateral estoppel. The following is the finding of the Court.

¶2. The federal court dismissed with prejudice and entered a final adjudication on the slander, libel, and false arrest/imprisonment claims as being barred by the one-year statute of limitations. The act giving rise to these claims occurred on January 10, 1990. The federal complaint was not filed until January 8, 1993. Therefore, the district judge properly decided these issues. Accordingly thereafter, the state trial court judge properly found collateral estoppel as to these issues.

¶3. The other state law claims, i.e., negligence, malicious prosecution, and intentional and/or negligent infliction of emotional distress claims, were dismissed without prejudice by the federal district judge. Therefore, their dismissal was of no preclusive affect to Norman refiling in state court. The negligence and intentional and/or negligent infliction of emotional distress claims are governed by the three-year statute of limitations. The events giving rise to these claims occurred on January 10, 1990. Thus, the three years would have expired on January 11, 1993. Norman filed his federal court claim on January 8, 1993, which would thus have tolled the statute of limitations when federal pendent jurisdiction was invoked. The fact that these claims were subsequently dismissed without prejudice does not prevent the statute of limitations from having been tolled previously. Accordingly, the state trial court erred in imposing the affirmative defense of the three-year statute of limitations.

¶4. The malicious prosecution claim was also dismissed without prejudice by the district judge on July 7, 1993. The grand jury ultimately dismissed the criminal affidavit on October 29, 1992. Malicious prosecution claims are governed by a one-year statute of limitations. Miss. Code Ann. § 15-1-35. Therefore, Norman had until October 29, 1993, to file a claim in state court on this ground as noted by the district judge. Norman filed his state court claim on October 14, 1993. Thus, he tolled the malicious prosecution claim. Accordingly, the state trial judge erred on this issue in holding to the contrary. Consequently, the Jones County Circuit Court trial judge's decision from which this appeal rises is affirmed in part and reversed and remanded in part.

## STATEMENT OF THE CASE

¶5. The procedural history of this case is long and convoluted, resulting in the Court being presented with yet another case involving theories of res judicata and collateral estoppel. The Jones County trial court's holding was based on a previous suit filed in federal court which was on appeal to the Fifth Circuit Court of Appeals as of the date of the state trial court's ruling. Oral argument before the Fifth Circuit Court of Appeals was scheduled for October 31, 1994. The Court's research discloses that the Fifth Circuit Court of Appeals affirmed the appeal without opinion on November 2, 1994. ***Norman v. Bucklew***, 40 F.3d 384 (5thCir. 1994).[1] To give a coherent presentation of the procedural posture of this case, the Court will begin with the initial federal suit.

¶6. On January 8, 1993, Joe H. Norman and Beverly Norman (hereinafter Norman) filed their complaint in the United States District Court for the Southern District of Mississippi, Hattiesburg Division, against Henry Bucklew (hereinafter Bucklew), individually, and in his official capacity as Mayor of the City of Laurel, Mississippi. Their complaint was brought pursuant to 28 U.S.C. Section 1343, 42 U.S.C. Section 1983, 42 U.S.C. Section 1988, the First, Fourth and Fourteenth amendments to the United States Constitution while also invoking pendent jurisdiction to consider their claims arising under state law. The theories alleged numerous constitutional violations, negligence, defamation of character, slander and libel, intentional and/or negligent infliction of emotional distress, false arrest, false imprisonment, malicious prosecution, and attorney's fees. Their complaint was subsequently amended on August 3, 1993. On November 3, 1993, District Judge Dan M. Russell Jr. entered the following Order and Judgment in response to Bucklew's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

> ORDERED, that defendant's motion for summary judgment is granted as to Constitutional claims; and, IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff's section 1983

claims are all hereby dismissed, in both individual and official capacity, with prejudice. IT IS FURTHER ORDERED AND ADJUDGED that the Court's Memorandum Order of July 7, 1993, is correct and that the one-year Mississippi statute of limitation applies, and therefore the state law claims, for slander and libel, and false arrest and imprisonment are dismissed, with prejudice, and; IT IS FURTHER, ORDERED AND ADJUDGED that the Motion for Interlocutory Appeal is not well taken and is hereby denied, with prejudice, and; IT IS FURTHER ORDERED AND ADJUDGED that the state law claims for malicious prosecution is hereby dismissed, without prejudice. IT IS FURTHER ORDERED AND ADJUDGED that all other state law claims are hereby dismissed without prejudice. ORDERED AND ADJUDGED, this the 3rd day of November, A.D., 1993.

(emphasis added).

¶7. Norman perfected his appeal to the Fifth Circuit Court of Appeals but allegedly[2] did not assign as error the refusal of the district judge to exercise pendent jurisdiction over the remaining state law claims. Therefore, because the federal district judge dismissed the state law claims without prejudice, specifically the malicious prosecution claim and impliedly the negligence and intentional and/or negligent infliction of emotional distress claims, Norman subsequently sought relief in state court. However, the following sets forth the actual grounds sought in state court.

¶8. On October 14, 1993, Joe H. Norman and Beverly Norman filed their complaint in the Second Judicial District of the Circuit Court of Jones County, Mississippi against Henry Bucklew individually and in his official capacity as Mayor of the City of Laurel, Mississippi. The complaint alleged six causes of action, namely: (1) negligence, (2) defamation of character, (3) slander and libel, (4) intentional and/or negligent infliction of emotional distress, (5) malicious prosecution, and (6) attorney's fees. Both actual and punitive damages, together with attorney's fees and costs in conjunction with pre-judgment interest, were requested.

¶9. Bucklew, in his official capacity, filed his Motion to Dismiss, M.R.C.P. 12(b), on November 3, 1993 contending: (1) that he had ceased being Mayor of Laurel on June 30, 1993, and thus no longer had an official capacity; (2) process was not served on the City of Laurel; (3) the Jones County Grand Jury dismissed the criminal affidavit against Norman; (4) the one year statute of limitations, M.C.A. §15-1-39, ran as of October 29, 1993; and (5) that the three year statute of limitations, Miss. Code Ann. §15-1-49, ran as of January 11, 1993. Norman filed his respective response to Bucklew's motion to dismiss on November 5, 1993. Norman's response contended: (1) that Bucklew was still responsible for his actions while previously being Mayor despite the fact that he was no longer Mayor; (2) process was not necessary for the City of Laurel; (3) that the one-year statute of limitation was tolled by filing his complaint on October 14, 1993, allegedly fifteen days before the statute ran; (4) that a civil complaint had been filed in the United States District Court for the Southern District of Mississippi, Hattiesburg Division, containing state law claims tolling the statute of limitations two/three days before it expired.

¶10. Bucklew responded by filing his Answer and Affirmative Defenses on November 10, 1993. Bucklew denied that Norman was entitled to any judgement and requested that the suit be dismissed assessing all costs to Norman. Specifically, Bucklew raised the following affirmative defenses; (1) the City of Laurel was a necessary party defendant and that until it was joined, that Bucklew should be

required to delete and remove all claims against Norman in his official capacity; (2) that Mrs. Norman be stricken and dismissed as a mis-joined party because she was not named in the complaint filed by Bucklew giving rise to the present suit and additionally because she does not qualify as a bystander; (3) reasserts that the one-year statute of limitation is applicable; (4) that Bucklew is entitled to sovereign immunity and qualified immunity as an individual; (5) that Norman's malicious prosecution claims were barred by Miss. Code Ann. §15-1-35, and that the return of a "no-bill" was not a termination in favor of Norman; (6) that because Bucklew was a "vortex public figure," that all of Norman's claims must be based on actual malice; and finally (7) that "[a]n identical suit in federal court, by the same party plaintiff, against the same party defendant, alleging the same facts and charges, seeking identical relief, was filed in federal court and is now on appeal. The decisions therein are res judicata of all issues now before the court."

¶11. Accordingly, following his Answer, Bucklew filed another motion to dismiss on November 29, 1993, both in his individual and official capacity, upon the ground of res judicata as to Norman's claims for false arrest, false imprisonment, slander and libel. Copies of the previous federal court complaint, order, judgment and Norman's notice of appeal to the Fifth Circuit Court of Appeals were attached as exhibits 1-7.

¶12. On May 3, 1994, the case was decided by the Honorable Billy Joe Landrum upon Bucklew's motion to dismiss. Judge Landrum, in his two Finding of Facts and Order, specifically held:

> Suit was filed by the plaintiff on January 8, 1993 in the United States District Court for the Southern District of Mississippi and an Amended Complaint on August 3, 1993. The Court finds that Orders and Judgments had been entered in said federal suit, and that the Orders and Judgments entered in the federal suit, now on appeal to the Fifth Circuit, are res judicata to this state court of false arrest, false imprisonment, slander and libel. The court further finds that the appeal, set out as Exhibit "G"[(3)] to the Motion, is a full appeal of all issues before the Court, and that the Complaint therein is substantially identical to the Complaint in this Court in that it involves the same parties, the same facts, the same witnesses, the same issues of law, the same injury and the[y] request the same relief, and therefore the State suit is barred by res judicata and collateral estoppel.

(emphasis added).

¶13. Judge Landrum's second Finding of Fact and Order regarding Bucklew's Motion to Dismiss of the official capacity claims was also entered on May 3, 1994. It stated in pertinent part that:

> This suit was filed on October 14, 1993. The defendant Henry Bucklew ceased being Mayor on June 30, 1993, and that as such the defendant had no official capacity function effective as of June 30, 1993. The court further finds that the Grand Jury dismissed [sic] criminal affidavit against the plaintiff on October 29, 1992 and that Section 15-1-39 of the Mississippi Code being the one-year statute of limitations, ran on October 29, 1993, and that the three-year statute of limitations, being Section 15-1-49 of the Mississippi Code, ran on January 11, 1993 [(4)] and that under the statute of limitations and the failure to serve the City of Laurel, that this cause should be dismissed as to Henry Bucklew in his "official capacity." IT IS THEREFORE ORDERED that this cause be dismissed with prejudice as to the defendant in his "official capacity." ORDERED this the 3rd day of May, A.D., 1994.

(emphasis added).

¶14. Aggrieved by the trial court's decision, Norman perfected his appeal requesting review of the following issues.

**I. WHETHER OR NOT THE LOWER COURT ERRED BY DISMISSING THE COMPLAINT ON THE BASIS OF RES JUDICATA AND COLLATERAL ESTOPPEL.**

**II. WHETHER OR NOT THE LOWER COURT ERRED IN DISMISSING THE OFFICIAL CAPACITY CLAIMS.**

<u>STATEMENT OF THE FACTS</u>

¶15. The facts of this case are not discernible from a transcript or record as there is none. Accordingly, the Court finds that the best pronouncement of the facts involved in this case comes from District Judge Russell's findings of fact which are reproduced verbatim. The portions included within a bracket [ ] are the verbatim "pertinent facts" from District Judge Russell's Order entered on September 17, 1993, in response to Norman's Motion for Reconsideration of his previous ruling as to the statute of limitations or in the alternative, for certification of interlocutory appeal, and Bucklew's motion for Summary Judgment. The other facts come from Judge Russell's July 6/7, 1993 Memorandum Order.

In June, 1989, the City of Laurel held its election for municipal government officials. The officers were sworn in on June 30, 1989, and assumed duties on July 1, 1989. The plaintiff Joe H. Norman commenced a term and assumed the duties of the elected position of city councilman for the City of Laurel, Mississippi. [The plaintiff was elected president of the Council.] The defendant, Henry Bucklew, also commenced a term and assumed the duties of mayor of Laurel, Mississippi.

The plaintiffs allege that the defendant advised the council members that he would not attend the first council meeting and would not make a recommendation for City attorney. The plaintiffs further allege that due to this fact, the City Council on July 1, 1989, and again on July 5, 1989, unanimously appointed its selection for City attorney. [At the first meeting on July 1, 1989, the Council appointed Honorable John Swartzfager as City Attorney. The Mayor on the same day adopted executive minutes appointing Frank McKenzie as City Attorney. Also on July 1, 1989, plaintiff Norman was authorized by the Council to sign checks of the City as mayor pro-tem in the absence or disability of the mayor.] The defendant later vetoed the Council's actions and the Council overruled his veto unanimously. The Council made its appointment of the new city attorney based upon advice and an opinion from the office of the Attorney General of the State of Mississippi.

[On July 5, 1989, the Mayor filed suit in the Circuit Court of Jones County, Mississippi, for declaratory judgment to resolve the question of the authority of the Council or the mayor. Issue was promptly joined by the Council. Circuit Judge Roberts of Meridian was appointed as special judge to hear the dispute. On September 13, 1989, Judge Roberts issued his written opinion and a corrected opinion was issued on September 19, 1989. Judge Roberts ruled that under the Mayor-Council form of city government that the Mayor had the exclusive right to

spend funds of the City and appoint the city attorney; and that the action of the Council in naming a city attorney was void and of no effect.] [(5)]

The attorney appointed by the City Council commenced serving as city attorney at the approved salary of $4,000 per month as set out by the Council and continued to act as city attorney until a ruling by Judge Larry Roberts stating that under the Mayor-Council form of government, the mayor had the exclusive right to appoint the city attorney. [The Council voted unanimously on December 5, 1989, to accept the ruling of Judge Roberts. Subsequently, three members of the Council (plaintiff included) attempted to appeal the ruling to the Mississippi Supreme Court. The Supreme Court dismissed that appeal as not being properly taken by three individual members of the Council.]

Thereafter, the attorney appointed by the City Council turned over all files to the attorney appointed by the Mayor. The attorney appointed by the City Council then submitted a statement for services rendered for the months of July, August and September of 1989 in the total amount of $12,000 and was submitted on December 12, 1989. At the December 19, 1989, session of the City Council, the Council unanimously approved the payment of the aforementioned fees with all Council members signing the order approving said fee. The plaintiffs allege that the defendant Bucklew left the Council meeting prior to the vote as to payment of attorney's fees, although having full knowledge that the vote was about to be taken. [On December 20, 1989, the plaintiff signed a city check to pay Swartzfager for his services, at a time when the mayor was present in the City and not disabled.] On December 20, 1989, the plaintiff Joe H. Norman was presented with Requisition No. 33940 authorizing payment of the attorney's fees submitted by the attorney appointed by the City Council. The plaintiffs allege that the requisition had been signed in accordance with law and transferred to the City Comptroller for payment. The plaintiffs further allege that the comptroller advised Joe H. Norman that the defendant Bucklew wanted Mr. Norman to sign the check payable to the former city attorney. The plaintiffs submit that this was normal procedure and the plaintiff Joe Norman was an authorized signatory for the City checking account.

[The check was delivered and went through the Bank on December 22, 1989. On January 2, 1990, the Council clerk delivered to the mayor the Council minutes for December 19, 1989. On January 4, 1990, the Mayor requested from McKenzie his opinion as City Attorney of the action of the plaintiff in signing the check. On January 5, 1990, the City Attorney gave his written opinion to the mayor on the action of the plaintiff in signing the check.] Allegedly, the defendant Bucklew did not object to any of the actions of the City Council or the plaintiff Joe H. Norman until January 8, 1990, when the defendant Bucklew presented the City Council with a letter objecting to the payment of attorney's fees. On January 10, 1990, the defendant Bucklew filed a criminal affidavit against the plaintiff Joe Norman for signing and approving the payment of attorney's fees. As a result of the criminal affidavit being filed against him, Mr. Norman turned himself into the police department and was booked, fingerprinted and subsequently released. [The city judge recused herself and the charges remained dormant until Swartzfager, as attorney for Norman, filed a Motion to Transfer the charges to Circuit Court and an order was entered to that effect.] After almost three years of having criminal charges pending against the plaintiff, the grand jury of Jones County, Mississippi, returned a no bill, dismissing the charges against the plaintiff on October 29, 1992.

As a result of the prosecution against Joe Norman, Mr. Norman and his wife have filed a complaint alleging claims pursuant to Section 1983 and state law claims. The plaintiffs' section 1983 claims in their complaint provide that the defendant Bucklew's actions constitute and amount to an unlawful arrest, malicious prosecution, an invasion of the plaintiff's privacy, and a violation of their right to free speech in violation of the plaintiff's first, fourth, and fourteenth amendment rights.

The plaintiffs also allege claims pursuant to state law which include an action for negligence, defamation of character, slander and libel, intentional or negligent infliction of emotional distress, false arrest, imprisonment, and malicious prosecution.

## DISCUSSION OF ISSUES

### I. WHETHER OR NOT THE LOWER COURT ERRED BY DISMISSING THE COMPLAINT ON THE BASIS OF RES JUDICATA AND COLLATERAL ESTOPPEL.

¶16. Norman argues that "the lower court erred in dismissing the Complaint based upon res judicata and collateral estoppel simply because there is an appeal of the dismissal of the constitutional claims by the Federal court now pending in the Fifth Circuit Court of Appeals." Norman further asserts that because the federal court dismissed the state law claims without prejudice, that "the mere fact that there is an appeal in the federal courts as to the "other" areas will not preclude the appellants from pursuing their state law claims. [T]he state law claims were not litigated to a conclusion in federal court, no adjudication was made adverse to the appellants by the federal court as to the state law claims contained in the Circuit Court complaint and therefore the lower court erred by dismissing the claims based upon res judicata and collateral estoppel."[(6)]

¶17. Norman asserts that he did not appeal the state law claims as he only appealed the district court's ruling on (1) the false arrest/imprisonment, slander and libel claims with regard to the application of the one-year statute of limitations; (2) the dismissal of Beverly Norman's claim; and (3) the dismissal of the §1983 claims. However, the notice of appeal is alleged by Bucklew to have been a "complete appeal" of all issues.[(7)] Nevertheless, Norman contends that because his state law claims were not finally adjudicated and instead were dismissed without prejudice, that the trial court erred in applying res judicata and collateral estoppel to these issues.

¶18. Bucklew naturally asserts that Norman's claims are practically identical and are barred by res judicata. To illustrate that the initial federal complaint and the subsequent state court complaint are practically identical, Bucklew has reproduced a word for word comparison of the two denoting the minor differences. The Court finds that, with the exception of paragraph XI covering slander and libel and the addition of ". . . state law" language in paragraph XX, the state and federal complaints are identical when compared.[(8)] However, it is this Court's understanding that the fact that Norman filed a subsequent complaint in state court that was practically identical to the federal complaint does not necessarily bar the state claims even though the claims dismissed with prejudice would be barred.

¶19. This Court very recently revisited res judicata and collateral estoppel in *Marcum v. Mississippi Valley Gas Company, Inc.,* 1996 WL 155027 (Miss.), wherein we stated:

The requirements for both collateral estoppel and its sister doctrine res judicata are found in *Dunaway v. W.H. Hopper and Associates, Inc.,* 422 So.2d 749 (Miss.1982): Generally, four identities must be present before the doctrine of res judicata will be applicable: (1) identity of the subject matter of the action, (2) identity of the cause of action, (3) identity of the parties to the cause of action, and (4) identity of the quality or character of a person against whom the claim is made .... When collateral estoppel is applicable, the parties will be precluded from relitigating a specific issue actually litigated, determined by, and essential to the judgment in a former action, even though a different cause of action is the subject of the subsequent action. And, collateral estoppel, unlike the broader doctrine of res judicata, applies only to questions actually litigated in a prior suit, and not to questions which might have been litigated. Id., at 751 (citations omitted).*State Ex Rel. Moore v. Molpus,* 578 So.2d 624 (Miss.1991), also discusses collateral estoppel. "At its core, the rule precludes parties from relitigating issues authoritatively decided on their merits in prior litigation to which they were parties or in privity." This case involves the offensive use of collateral estoppel. Although such a use of the doctrine is permitted, "the rule is neither mandatory nor mechanically applied." *Jordan v. McKenna*, 573 So.2d 1371, 1375 (Miss.1990). Furthermore, "[M]ore fundamental, the doctrine of collateral estoppel must never be seen as anything other than an unusual exception to the general rule that all fact questions should be litigated fully in each case,"and "[w]here there is room for suspicion regarding the reliability of those first fact findings, collateral estoppel should never be applied." *Mississippi Employment Security Commission v. Philadelphia Municipal Separate School District*, 437 So.2d 388, 397 (Miss.1983). This Court has also stated that: [C]ollateral estoppel must be applied cautiously on an ad hoc basis in order to preserve the critical component of due process--i.e., the requirement that every party have an opportunity to fully and fairly litigate an issue. More specifically, the facts of each case should be perused in order to determine whether the issue--of which a party seeks to collaterally relitigation--was fully and fairly tried....*McCoy v. Colonial Baking Co., Inc.,* 572 So.2d 850, 854 (Miss.1990). Finally, the United States Supreme Court has decided that federal trial courts should be granted broad discretion to determine when offensive collateral estoppel should be used. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). This rule of broad discretion is also appropriate for the trial courts of Mississippi. Much has been written in our decisions about collateral estoppel, perhaps at times overmuch, but this much should be clear: in the absence of passing technical muster of the previous action involving identical parties, identical legal issues, and the same facts required to reach a judgment, it cannot be applied. And, even where it arguably meets a technical muster, "the rule is neither mandatory nor mechanically applied." *Jordan v. McKenna, supra*, 573 So.2d at 1375.

¶20. In *Hollis v. Hollis*, 650 So.2d 1371,1377 (Miss. 1995), we stated:

*Dunaway v. W.H. Hopper & Associates, Inc.,* 422 So.2d 749 (Miss.1982), gives three requirements for the application of collateral estoppel: When collateral estoppel is applicable, the parties will be precluded from relitigating a specific issue [1] actually litigated, [2] determined by, and [3] essential to the judgement in a former action, even though a different cause of action is the subject of the subsequent action. *Lee v. Wiley Buntin Adjuster, Inc.,* 204 So.2d 479 (Miss.1967); *Lyle Cashion Co. v. McKendrick*, 227 Miss. 894, 87 So.2d 289 (1956)
.

¶21. We take this opportunity to note that the Court misspoke in ***E.B. McIntosh v. Johnson,*** 649 So. 2d 190, 193 (Miss. 1995) regarding the requisite requirements of res judicata and collateral estoppel. In ***McIntosh*** we stated that "the identities of both doctrines {res judicata and collateral estoppel} are identical." ***Id.*** This holding was erroneous and therefore, the holding of ***McIntosh*** to that extent is hereby overruled. We reaffirm the correct pronouncements of the law concerning these doctrines as properly set forth in ***Dunaway v. W.H. Hooper & Assoc.,*** 422 So. 2d 749, 751 (Miss. 1982). Accordingly, the law of ***Dunaway*** concerning these doctrines is controlling and is applied in this case.

¶22. In ***Smith v. Malouf***, 597 So.2d 1299, 1301 (Miss. 1992), this Court stated:

> We have never before addressed the question of whether the pendency of an appeal alters the collateral estoppel or res judicata effect of an otherwise final judgment. However, in ***Mississippi Power & Light Co. v. Town of Coldwater***, 168 F.Supp. 463 (N.D.Miss.1958), the United States District Court found on the basis of Mississippi law that "the appeal to the Supreme Court of Mississippi does not prevent [the judgment in a former suit] from being res judicata." Id. at 476. The court stated the following: The question next to arise is whether or not the appeal to the Supreme Court which is still pending prevents the judgment of the trial court from being res adjudicata. This question has been answered by the Supreme Court of in the case of ***Early v. Board of Supervisors***, 182 Miss. 636, 181 So. 132, the Court says an appeal with supersedeas does not vacate the judgment appealed from; it merely suspends the enforcement of the judgment pending the determination of the appeal. If on that determination the judgment is affirmed, the effect thereof is to establish or confirm the validity of the judgment from and as the date of its rendition in the court of original jurisdiction. ***See also Klaas v. Continental Southern Lines***, 225 Miss. 94, 82 So.2d 705, 708. The Court said: "Clearly the judgments of the trial court were the effective adjudications of plaintiffs' rights. Their effect was suspended during appeal with supersedeas to the Supreme Court, but our judgment simply affirmed the validity of the judgments of the circuit court" See also ***Stone v. McKay Plumbing Co.,*** 200 Miss. 792, 26 So.2d 349, 30 So.2d 91; ***Lyle Cashion Co. v. McKendrick***, 227 Miss. 894, 87 So.2d 289. The effect of these decisions is that the judgment in the former suit is res adjudicata of everything complained of in the present lawsuit or is pending before the Supreme Court and that the appeal to the Supreme Court of Mississippi does not prevent it from being res adjudicata. The appeal simply supersedes the enforcement of the judgment. ***Mississippi Power***, 168 F.Supp. at 475-76. The federal court's characterization of Mississippi law is reasonable and echoes the holdings of other jurisdictions. The various states have ruled with virtual unanimity that a judgment is "final" for res judicata and collateral estoppel purposes even though pending on appeal. ***See, e.g., Holmberg v. State***, 796 P.2d 823, 824 (Alaska 1990); ***Westman v. Dessellier***, 459 N.W.2d 545, 547 (N.D.1990); ***Jordan v. Washington Metropolitan Area Transit Authority***, 548 A.2d 792, 795 (D.C.Ct.App.1988); ***Bunnett v. Smallwood***, 768 P.2d 736, 740 (Colo.Ct.App.1988); ***Capalbo v. Planning and Zoning Board of Appeals***, 208 Conn. 480, 547 A.2d 528, 532 (1988); ***Rathe v. Adirondack Concepts, Inc.***, 131 A.D.2d 81, 520 N.Y.S.2d 82, 85 (N.Y.Supr.Ct.1987); ***Cully v. Lutheran Medical Center***, 37 Ohio App.3d 64, 523 N.E.2d 531, 532 (Ohio Ct.App.1987); ***Consumers Oil Co. v. Spiking,*** 717 S.W.2d 245, 251 (Mo.Ct.App.1986); ***Scurlock Oil Co. v. Smithwick***, 724 S.W.2d 1, 6 (Tex.1986); ***Bassett v. Civil Serv. Comm'n***, 100 Pa.Cmwlth. 356, 514 A.2d 984, 986 (1986); ***Gregory Marketing***

*Corp. v. Wakefern Food Corp.*, 207 N.J.Super. 607, 504 A.2d 828, 837 (1985). But see *McBurney v. Aldrich*, 816 S.W.2d 30, 34 (Tenn.App.1991); *People ex rel. Gow v. Mitchell Bros.' Santa Anna Theater*, 101 Cal.App.3d 296, 161 Cal.Rptr. 562 (1980). According to Restatement (Second) of Judgments, sec. 13 cmt. f (1982): "[The better view is that a judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo."

¶23. Additionally, the United States Supreme Court, in *Cooter & Gell v. Hartmarx Corporation*, 496 U.S. 384, 396, 110 S.Ct. 2447, 2456 (1990) stated: "'[D]ismissal ... without prejudice' is a dismissal that does not 'operat[e] as an adjudication upon the merits,' Rule 41(a)(1), and thus does not have a res judicata effect." See also *Satsky v. Paramount Communications, Inc.,* 7 F.3d 1464, 1468 (10th Cir. 1993).

¶24. As explained by the numerous aforementioned authorities, the application and determination of res judicata and collateral estoppel are well settled principles of law. The Court finds the following as for how the facts of this case apply to those principles.

¶25. First, the identity of the subject matter of the matter of the action is identical. The complaints in both federal and state court are essentially identical. Second, the causes of action are identical minus the federal constitutional claims and a request to make the slander claim ongoing. Third, the parties are identical thus meeting the identity prong. Fourth, the identity of the quality and character of the person, Henry Bucklew, against whom the claim is made is identical. Accordingly, we find and affirm that res judicata is applicable with respect to the claims dismissed with prejudice in Norman's original federal suit.

¶26. The claims for malicious prosecution, negligence, and intentional and/or negligent infliction of emotional distress were not adjudicated on the merits by the district court as they were dismissed without prejudice. Accordingly, as these claims were not actually litigated, Norman is not barred from bringing these claims.

## II. WHETHER OR NOT THE LOWER COURT ERRED IN DISMISSING THE OFFICIAL CAPACITY CLAIMS.

¶27. Norman asserts here that the filing of his complaint was within all of the applicable statute of limitations. His reasoning is that (1) because the criminal charges against him were dismissed October 29, 1992, and (2) because the state circuit court complaint was filed October 14, 1993, and (3) because the federal complaint was filed on January 8, 1993, "well within any three year statute of limitations and said filing tolled any negligence claims," that the lower court is in error.

¶28. Bucklew contends that because he ceased being mayor as of June 31, 1993, that Norman was precluded from bringing any action against him in an official capacity. Bucklew contends that there is a significant legal distinction as a suit against a mayor is a suit against a governmental entity. In other words, because the City of Laurel enjoys immunity, then so does Bucklew. However, even though a person may enjoy immunity as an elected official, does that mean that when they are no longer such an official they could not subsequently be sued for an official act that occurred during their elected position? Bucklew has not offered any supporting authority, and Norman refutes its existence. The Court sides with Norman on this issue. Accordingly, the determinative question is in the application

of the relevant statutes of limitation. Miss. Code Ann. § 15-1-35 and § 15-1-49.

¶29. Acting in his official capacity on January 10, 1990, Bucklew filed the criminal affidavit against Norman giving rise to this entire lawsuit. Thus, any claim for negligence or emotional distress damages should have run as of January 11, 1993. Norman filed his suit in federal court on January 8, 1993. Accordingly, the three-year statute of limitations was tolled when the federal court's pendent jurisdiction was sought to be invoked by Norman. Therefore, the trial court was in error.

¶30. As for the malicious prosecution claim with a respective one-year statute of limitation, the following are the relevant dates for calculating. On October 29, 1992, almost three years after the affidavit was filed, the Jones County grand jury finally entered a no bill. On October 14, 1993, Norman filed his state court complaint. As there was no final disposition of the criminal affidavit until October 29, 1992, the one-year statute of limitation would not have run until October 29, 1993. *Royal Oil Co. v. Wells*, 500 So. 2d 439, 442 (Miss. 1986). Therefore, as Norman filed his state court claim fifteen days before the 29th, he filed in time to preserve this claim as well. Accordingly, the trial court improperly dismissed the "official capacity" claims as failure to serve the City of Laurel was not fatally defective as alleged by Bucklew. See *Erby v. Cox*, 654 So. 2d 503, 505 (Miss. 1995) (The filing of the complaint within the statute of limitations is what acts to toll the period, not service of process.)

## CONCLUSION

¶31. The federal court dismissed and entered a final adjudication on the slander, libel, and false arrest/imprisonment claims as being barred by the one-year statute of limitations. The act giving rise to these claims occurred on January 10, 1990. The federal complaint was not filed until January 8, 1993. Thus, the district judge was correct on these issues. The state trial court judge, therefore, properly found these issues to be barred.

¶32. The other state law claims, i.e., negligence, malicious prosecution, and intentional and/or negligent infliction of emotional distress claims were dismissed without prejudice by the district judge. Therefore, their dismissal was of no preclusive effect to Norman refiling in state court. The negligence and intentional and/or negligent infliction of emotional distress claims are governed by the three-year statute of limitations. The events giving rise to these claims occurred on January 10, 1990. Thus, the three years would have expired on January 11, 1993. Norman filed his federal court claim on January 8, 1993, which tolled the statute of limitations when pendent jurisdiction was invoked. The fact that these claims were subsequently dismissed without prejudice does not prevent the statute of limitations from having been tolled. Accordingly, the state trial court erred in apparently imposing the affirmative defense of the three-year statute of limitations.

¶33. The malicious prosecution claim was also dismissed without prejudice by the district judge on July 7, 1993. The grand jury ultimately dismissed the criminal affidavit on October 29, 1992. Malicious prosecution claims are governed by a one-year statute of limitations. Therefore, Norman had until October 29, 1993 to file a claim in state court on this ground as noted by the district judge. Norman filed his state court claim on October 14, 1993. Thus, he tolled the malicious prosecution claim. Therefore, the state trial judge erred on this issue in holding to the contrary.

¶34. As for Issue II, whether or not failure to serve process on the City of Laurel for Bucklew's

official capacity actions was fatally defective, we answer in the negative. *Erby v. Cox*, 654 So. 2d 503, 505 (Miss. 1995), clearly held that the filing of the complaint within the statute of limitations is what acts to toll the period, not service of process. Accordingly, as Norman's official capacity claims were filed within the applicable statute of limitations, the statute of limitations for this claim was tolled. The trial judge erred in holding otherwise. Accordingly, we reverse and find that the claim was tolled but that service is still required. The Court misspoke in *E.B. Mcintosh v. Johnson,* 649 So. 2d 190, 193 (Miss. 1995) regarding the requisite requirements of res judicata and collateral estoppel. In *McIntosh* we stated that "the identities of both doctrines {res judicata and and collateral estoppel} are identical." *Id.* This holding was erroneous and therefore, the holding of *McIntosh* to that extent is hereby overruled. We reaffirm the correct pronouncements of the law concerning these doctrines as properly set forth in *Dunaway v. W.H. Hooper & Assoc.,* 422 So. 2d 749, 751 (Miss. 1982).

¶35. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**

1. The parties have not updated the record.

2. The record before the Court does not contain Norman's appeal.

3. Exhibit "G" is not a part of this record. However, see "Notice of Appeal".

4. Three years from the date Bucklew filed the criminal affidavit against Norman.

5. In *Jordan v. Smith*, 669 So.2d 752, 757 (Miss. 1996), "[w]e h[e]ld that the ordinance duly adopted by the City of Greenwood requiring that the legal officers here in question should be appointed subject to council approval is not inconsistent with the statutory requirement that executive authority be vested with the mayor in the mayor-council form of government."

6. The District Court held in its September 17, 1993 Memorandum Order entered in response to Norman's petition for reconsideration, "that there is an alternative remedy of malicious arrest available to the plaintiff Norman; this Court is of the opinion that said claims of malicious arrest would be actionable in state court until October 29, 1993."

7. Norman's notice of appeal appears to be a complete appeal as it does not exclude anything.

8. With the obvious difference of the exclusion of any federal claims in the state complaint however.